[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 342.]

WILLIAMSON ET AL., APPELLANTS, *v.* AMERITECH CORPORATION ET AL.,
APPELLEES.

[Cite as *Williamson v. Ameritech Corp.*, 1998-Ohio-347.]

*Depositions—Expenses—R.C. 2319.27 does not provide statutory basis for taxing services of a court reporter at a deposition as costs under Civ.R. 54(D).*

R.C. 2319.27 does not provide a statutory basis for taxing the services of a court reporter at a deposition as costs under Civ.R. 54(D).

(No. 97-312—Submitted January 21, 1998—Decided April 1, 1998.)

CERTIFIED by the Court of Appeals for Franklin County, No. 96APE07-860.

———————————

{¶ 1} Underlying this case is an age-discrimination suit brought by Susan Williamson and Roger Renzetti against their former employer, Ohio Bell Telephone Company ("Ohio Bell") and its parent, Ameritech Corporation ("Ameritech"). At the conclusion of that action, a jury entered its verdict in favor of Ohio Bell and Ameritech, finding that neither Williamson's nor Renzetti's termination had resulted from age discrimination. The trial court entered judgment on the general verdicts.

{¶ 2} Pursuant to Civ.R. 54(D), Ohio Bell and Ameritech (hereinafter jointly referred to as "Ameritech") moved for reimbursement of depositions expenses, witness fees, and court reporter fees totaling $7,515.93. The court awarded Ameritech $2,704.47 in costs, which included court reporter fees for taking depositions.

{¶ 3} On appeal, the Franklin County Court of Appeals affirmed the trial court's order, holding that Civ.R. 54(D) and R.C. 2319.27 conjoin to permit the prevailing party in a civil action to recover, as costs, court reporter fees for the taking of a deposition, conditioned on the prevailing party's use of the deposition

at trial.  The appellate court went on to state that, under certain circumstances, utilization of a deposition during cross-examination will satisfy the "use" requirement and ultimately concluded that Williamson and Renzetti's failure to provide a trial transcript on appeal prohibited it from determining whether or not those circumstances had been met.  Accordingly, because Williamson and Renzetti failed to carry their burden of proving error by reference to matters in the record, the appellate court overruled their assignments of error.

{¶ 4} The appellate court certified its judgment as being in conflict with those of the Eighth District Court of Appeals in *Wiltsie v. Teamor* (1993), 89 Ohio App.3d 380, 624 N.E.2d 772, and *Carr v. Lunney* (1995), 104 Ohio App.3d 139, 661 N.E.2d 246.  Upon independent review, we determined that a conflict exists and directed the parties to brief the following issue:

"[W]hether expenses related to the taking of a deposition are 'costs' within the meaning of Civ.R. 54(D)."

_____

*Russell A. Kelm* and *Joanne F. Weber*, for appellants.

*Porter, Wright, Morris & Arthur, Bradd N. Siegel* and *David P. Shouvlin*, for appellees.

_____

**COOK, J.**

{¶ 5} Because there is neither general statutory authority empowering a trial court to award deposition expenses to a prevailing party nor a specific statutory mandate permitting the award in this case, we reverse.

{¶ 6} Civ.R. 54(D) provides the general rule allowing costs to the prevailing party in a civil case unless the court otherwise directs.  The categories of litigation expenses comprising "costs" are, however, limited.  *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925.  "Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others

are entitled for their services in an action *and* which the statutes authorize to be taxed and included in the judgment." (Emphasis added.) *Benda v. Fana* (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197, paragraph one of the syllabus. "The subject of costs is one entirely of statutory allowance and control." *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 535, 138 N.E.2d 660, 666, reaffirmed in *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156.

**{¶ 7}** In affirming the award of deposition expenses as costs, the court below recognized that it was necessary to ground the award in statute. It held that the statutory basis for taxing deposition expenses as costs could be found in R.C. 2319.27, which states:

"[T]he fees and expenses chargeable for the taking and certifying of a deposition by a person who is authorized to do so in this state, including, but not limited to, a shorthand reporter, stenographer, or person described in Civil Rule 28, may be established by that person subject to the qualification specified in this section, and may be different than the fees and expenses charged for the taking and certifying of depositions by similar persons in other areas of this state. Unless, prior to the taking and certifying of a deposition, the parties who request it agree that the fees or expenses to be charged may exceed the usual and customary fees or expenses charged in the particular community for similar services, such a person shall not charge fees or expenses in connection with the taking and certifying of the deposition that exceed those usual and customary fees and expenses.

"The person taking and certifying a deposition may retain the deposition until the fees and expenses that he charged are paid. He also shall tax the costs, if any, of a sheriff or other officer who serves any process in connection with the taking of a deposition and the fees of the witnesses, and, if directed by a person entitled to those costs or fees, may retain the deposition until those costs or fees are paid."

**{¶ 8}** R.C. 2319.27 sets parameters regarding what a person authorized to take depositions may charge in relation to his or her services and delineates specific means that such persons may employ in collecting payment. The statute therefore satisfies the court's first requirement in *Benda,* that costs be "statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action." Nothing in R.C. 2319.27, however, satisfies the second requirement of *Benda*, necessitating statutory authorization to tax and include deposition costs in a judgment.

**{¶ 9}** Ameritech reads our opinion in *In re Election of November 6, 1990 for the Office of Attorney General of Ohio* (1991), 62 Ohio St.3d 1, 577 N.E.2d 343, to state that, in civil cases, R.C. 2319.27 generally authorizes courts to tax court reporter fees related to a deposition as costs. A careful reading of that case, however, reveals Ameritech's misunderstanding.

**{¶ 10}** In *In re Election of November 6, 1990 for the Office of Attorney General of Ohio*, the court cited R.C. 3515.09 as statutory authority to award court reporter deposition fees to the prevailing party as costs. The court construed R.C. 3515.09 to require an unsuccessful contestor to reimburse the contestee for " 'costs' attributable to 'officers and witnesses.' " *Id.* at 4, 577 N.E.2d at 345. Because the court found that the court reporter was an officer for purposes of deposition testimony, it concomitantly concluded that R.C. 3515.09 entitled the contestee to reimbursement for court reporter fees related to depositions.

**{¶ 11}** The court went on to discuss R.C. 3515.12 and 2319.27 in conjunction with what expenses are properly classified as court reporter fees for depositions. The court included that discussion, along with a cite to R.C. 2335.06 (which fixes payment standards for witness fees and mileage reimbursement), however, solely to guide the parties in complying with the court's order to submit affidavits and counter-affidavits so that the court could set R.C. 3515.09 costs in the amount owing to the contestee. The court did not rely on R.C. 2319.27 to

authorize reimbursement of court reporter deposition fees as costs. Instead, the court cited R.C. 2319.27 as a check on what deposition expenses the contestee could recover as the court reporter's deposition fees under R.C. 3515.09.

{¶ 12} Here, unlike *In re Election of November 6, 1990 for the Office of Attorney General of Ohio*, there is no statute authorizing the deposition expenses to be taxed and included in the judgment. Accordingly, the trial court had no authority to tax, as costs, court reporter fees related to Ameritech's taking of depositions.

{¶ 13} We conclude that R.C. 2319.27 does not provide a statutory basis for taxing the services of a court reporter at a deposition as costs under Civ.R. 54(D). Accordingly, we reverse the judgment of the appellate court and remand the cause for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, DONOFRIO, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

GENE DONOFRIO, J., of the Seventh Appellate District, sitting for RESNICK, J.

_____