OPINION
This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court, denying the motion for costs filed by plaintiff-appellant, Louise Wells.
On April 17, 1996, Halene Springer was crushed to death when the porch of the apartment complex in which she resided collapsed. Appellant was appointed administratrix of Ms. Springer's estate. Appellant thereafter brought a wrongful death action against several individuals including the present owners of the apartment complex, David Hoppel and his wife Bonnie Hoppel; the prior owner of the apartment, Carl Hoppel; the person who constructed the apartment building, Herman Hoppel; and other parties who are not involved in the present appeal.
David and Bonnie (hereafter referred to collectively as appellees) filed a motion for summary judgment. However, the trial court denied this motion and a jury trial began on February 1, 1999. The jury rendered a verdict in favor of appellant and awarded damages in the amount of $1,134,479.00. The jury returned a defense verdict for Herman Hoppel. The trial court held that appellees and Carl Hoppel were jointly and severally liable for the verdict. On February 26, 1999, appellant filed a motion for costs and the trial court denied same on September 7, 1999. This appeal followed.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR COSTS."
Appellant argues that the trial court erred in denying her motion for costs as it pertained to costs for depositions, which totaled $2,250.90; the cost of serving subpoenas, which totaled $716.96; the cost for enlarging photographs used at trial, which totaled $1,274.76; and, the cost for filing fees, which totaled $165.00. In support of her contention, appellant cites Civ.R. 54(D), which states:
 "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."
In addition, appellant cites First Natl. Bank of Dillonvale v.Progressive Cas. Ins. Co. (1993), 94 Ohio App.3d 368, wherein this court used a two-prong test for determining whether costs should be awarded, as set forth by the Eighth District Court of Appeals in Jones v. Pierson
(1981), 2 Ohio App.3d 447. Appellant maintains that while some courts have criticized the two-prong test of Jones, it has never been expressly overruled. In Progressive, supra at 376, this court quoted the two-prong test, stating:
 "`"In ruling upon a motion to tax an expense as a cost, therefore, a court must first determine whether the item is a necessary litigating expense. In making this determination, the focus of the inquiry is whether an itemized expense, not declared taxable by statute, was so vital to the case that it may no longer be viewed as a mere personal expense but must be characterized as a necessary litigating expense.
 "`"The second step of the court's determination of taxability is to decide whether a litigating expense will be awarded as a cost.
* * *"
"`* * *
 "`"A trial court's discretion to disallow costs is limited to refusing to tax a litigating expense as a cost only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party." * * * Horne v. Clemens (1985), 25 Ohio App.3d 44, 46 [25 OBR 118, 119-120, 495 N.E.2d 441, 443-444].'"
Furthermore, a trial court has discretion in determining how costs of an action shall be assessed. Fant v. Regional Transit Auth. (1990),48 Ohio St.3d 39. Absent an abuse of discretion, a trial court's decision regarding costs should not be reversed. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Tracy v.Merrill-Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
In applying the two-prong test to the present matter, appellant suggests that the depositions were necessary to the litigation because several of such depositions were used during trial. Specifically, appellant points out that Penny Hogg's deposition was read into evidence. Appellant also states that the depositions of David and Carl Hoppel were used during trial to refresh their recollection. Appellant asserts that James Hoppel's deposition was also read into the record. Thus, appellant contends that the depositions were necessary litigation expenses.Appellant also submits that the expenses for subpoenas were necessary to compel the attendance of witnesses at trial. Additionally, appellant contends that the expense of enlarging photographs was likewise a necessary litigation expense because the photographs were vital to the litigation, and appellant would not have been as successful without such photographs. Finally, appellant indicates that the filing fees were also necessary litigation expenses. Accordingly, appellant contends that all of the expenses were necessary litigation expenses and thereby satisfied the first prong of Jones, supra.
Appellant next argues under the second prong of the test in Jones,supra, that the trial court abused its discretion in failing to award any costs. Appellant states that the trial court failed to render a written explanation indicating its reasons for refusing to award any costs, which, coupled with the fact that the trial court refused to award any costs, demonstrates the trial court's unreasonable, arbitrary attitude. Hence, appellant contends that the trial court abused its discretion in failing to award any of the requested costs.
Appellees contend that the trial court did not abuse its discretion in refusing to award costs as such refusal was supported by the law, and did not amount to the trial court acting unreasonably or arbitrarily. Appellees contend that the two-prong test used by appellant is no longer valid. Appellees cite Williamson v. Ameritech Corp. (1998),81 Ohio St.3d 342, wherein the Ohio Supreme Court discussed whether a party should be entitled to tax an expense as a cost, stating:
 "Civ.R. 54(D) provides the general rule allowing costs to the prevailing party in a civil case unless the court otherwise directs. The categories of litigation expenses comprising `costs' are, however, limited. Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925. `Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment.' (Emphasis added.) Benda v. Fana (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197, paragraph one of the syllabus. `The subject of costs is one entirely of statutory allowance and control.' * * *." (Emphasis added).
The Ohio Supreme Court in Williamson, supra at 344-345, further held that deposition expenses were not properly treated as costs, because there is no statutory authority authorizing such expenses to be taxed and included in the judgment. Thus, based upon the Ohio Supreme Court's holding in Williamson, appellees accurately contend that the trial court did not abuse its discretion in refusing to award the costs for depositions.
While the refusal of deposition costs is founded in the Ohio Supreme Court's decision in Williamson, the determination of whether the trial court properly refused to tax the other expenses as costs depends upon whether Williamson is interpreted broadly or narrowly. This determination is important because the Ohio Supreme Court's decision in Williamson
contradicts the two-prong test. The court in Jones, supra, found that a party did not need a statutory basis for taxing an expense as a cost, and established the two-prong test to determine which non-statutory expenses could be treated as costs. However, the Ohio Supreme Court in Williamson
contradicted Jones in requiring statutory authority before an expense could be taxed as a cost.
Appellant urges this court to interpret Williamson, supra, narrowly and find the holding therein as applying to deposition expenses only. However, this court does not read the decision in Williamson as applying only to deposition expenses. Rather, as the Ohio Supreme Court explicitly stated, the subject of costs is entirely one of statutory authority and control. Furthermore, in Wiltsie v. Teamor (1993), 89 Ohio App.3d 380,388, the Eighth District adopted the requirement of a statutory basis of taxing an expense as a cost, but did not expressly overrule its previous decision in Jones, supra. Parker v. IF Insulation Co., Inc. (March 27, 1998), Hamilton App. No. C-960602, unreported. Thus, Williamson, supra, must be read broadly to require statutory authority for all expenses before such expenses may be taxed as costs.
In the case at bar, the trial court properly refused to tax the photographic expenses, the expense for serving subpoenas and the filing expenses, as no statutory authority exists to allow that these expenses be treated as costs. Despite appellant's urging that R.C. 2303.20 allows the taxing of filing fees as a cost, this court finds that R.C. 2303.20
only provides the amount to be charged for filing, and does not state that such fees may be taxed as a cost. In Williamson, supra, it was argued that R.C. 2319.27 allows deposition expenses to be taxed as costs. However, the Ohio Supreme Court held that R.C. 2319.27 merely sets the parameters regarding the amount a person authorized to take depositions may charge for these services. Similarly, R.C. 2303.20 merely sets the amount which can be charged for filing fees and does not specifically provide that filing fees should be taxed as costs. Therefore, the trial court did not abuse its discretion in refusing to award costs to appellant, as there was no statutory authority to provide that the claimed expenses could be taxed as costs. Williamson, supra.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
VUKOVICH, J., concurs, WAITE, J., concurs.