OPINION
Plaintiff-appellant New Dimensions, Inc. appeals from the July 9, 2001, Judgment Entry of the Canton Municipal Court overruling plaintiff-appellant's "Motion to Tax Court Reporter Fees as Costs" and the July 30, 2001, Judgment Entry of the Canton Municipal Court overruling plaintiff-appellant's "Motion for Expenses and Attorney's Fees".
 STATEMENT OF THE FACTS AND CASE
On March 27, 2001, appellant filed a complaint for breach of contract on an account against appellees Douglas and Alejandra Bixler. Appellant, in its complaint, specifically alleged that appellees owed appellant $827.94 for therapeutic services. While appellees, in their April 26, 2001, answer, denied the material allegations in the complaint, appellees, in their first affirmative defense, alleged that appellant had informed them that appellees' health insurance provider and/or Medicaid would pay one hundred percent of the charges for appellant's services. Appellees further contended that, for such reason, appellant was estopped from recovering the $827.94 sought in its complaint.
Thereafter, appellant, on April 30, 2001, filed a "Motion to Strike and Motion for Judgment on the Pleadings", seeking, in part, to strike the affirmative defenses contained in appellees' answer. Pursuant to a Judgment Entry filed on May 16, 2001, the trial court denied appellant's motion, holding that "[i]t is the Court's opinion that "an issue of fact" exists to be determined by the Court at trial as raised by Defendants [appellees] in the "First Affirmative Defense" of the "Answer" filed April 26, 2001."
Subsequently, appellant, on June 18, 2001, filed a Motion for Summary Judgment arguing that, based upon appellee Douglas Bixler's deposition testimony, "it is clear that the aforesaid First Affirmative Defense is not viable; i.e.; no genuine "issue of fact" exists here." After appellees filed a reply to appellant's Motion for Summary Judgment, the trial court, as memorialized in a Judgment Entry filed on July 6, 2001, granted the same, finding that there were no genuine issues of material fact and that appellant was entitled to judgment as a matter of law.
Thereafter, appellant, on July 6, 2001, filed a "Motion to Tax Court Reporter Fees as Costs", seeking to tax as costs court reporter deposition fees in the amount of $326.25. Pursuant to a Judgment Entry filed on July 9, 2001, the trial court overruled the same. On July 25, 2001, appellant filed a "Motion for Expenses and Attorney's Fees", arguing that it "was forced to unnecessarily expend both attorney's fees and court reporter fees to receive monies lawfully due it". Such motion was also overruled via a Judgment Entry filed on July 30, 2001.
It is from the July 9, 2001, and July 30, 2001, Judgment Entries that appellant now prosecutes its appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S TIMELY MOTION TO TAX COURT REPORTER FEES AS COSTS.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S TIMELY MOTION FOR EXPENSES AND ATTORNEY'S FEES.
 I
Appellant, in its first assignment of error, argues that the trial court erred in denying its July 6, 2001, "Motion to Tax Court Reporter Fees as Costs". As is stated above, appellant, in its motion, requested that court reporter deposition fees in the amount of $326.25 be taxed as costs. Of the $326.25, $90.00 was for the court reporter's attendance at appellees' depositions and $236.25 was for transcripts.
The Ohio Supreme Court, in Williamson v. Ameritech Corp. stated as follows with respect to the allowance of costs in a civil case:
 Civ.R. 54(D) provides the general rule allowing costs to the prevailing party in a civil case unless the court otherwise directs. The categories of litigation expenses comprising "costs" are, however, limited. Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925. "Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment.: (Emphasis added). Benda v. Fana (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197, paragraph one of the syllabus. "The subject of costs is one entirely of statutory allowance and control." State ex rel. Michaels v. Morse (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 535, 138 N.E.2d 660, 666, reaffirmed in Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156.
Williamson v. Ameritech Corp. (1998), 81 Ohio St.3d 342, 343-344. The assessment of costs is within the discretion of the trial court and will not be reversed absent an abuse of discretion. Taylor v. McCullough-HydeMemorial Hosp. (1996), 116 Ohio App.3d 595. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant, in its brief, cites to Haller v. Borror (1995),107 Ohio App.3d 432 for the proposition that, pursuant to R.C. 2319.27, court reporter fees for taking depositions and the resulting transcripts are taxable as costs when an action is decided on summary judgment. However, in Williamson, supra., which was decided after Haller, the Ohio Supreme Court expressly held in the syllabus that "R.C. 2319.27 does not provide a statutory basis for taxing the services of a court reporter at deposition as costs under Civ.R. 54(D)". The Supreme Court further noted that there was no "general statutory authority empowering a trial court to award deposition expenses to a prevailing party . . ." Id. at 343. For such reason, the court, in Williamson, held that the trial court had no authority to tax as costs court reporter fees related to the appellee's taking of depositions.
For the foregoing reasons, we find that the trial court did not abuse its discretion in denying appellant's "Motion to Tax Court Reporter Fees as Costs" as such decision was not arbitrary, unconscionable or unreasonable.
Appellant's first assignment of error is, therefore, overruled.
 II
Appellant, in its second assignment of error, contends that the trial court erred in denying appellant's July 25, 2001, Motion for Expenses and Attorney Fees pursuant to R.C. 2323.51 and/or Civ.R. 11. Appellant, in its July 25, 2001, motion, specifically argued as follows:
 Plaintiff's Motion for Summary Judgment was granted by this Court on July 6, 2001. Thereby, even "Construing the evidence most favorably to the Defendants", this Court found in favor of Plaintiff.
 In sum, it is clear, based upon the record before this Court, that Defendants' Answer and asserted affirmative defenses were without "good ground" as that term is used in Civ R 11 and/or evinced "frivolous conduct" as that term is used in O.R.C. 2323.51(A)(2). . . .
 . . . Defendants never had a viable defense to Plaintiff's Complaint and therefore "invented" one with the hope that, given the amount of money involved ($827.94), Plaintiff would simply "put up the white flag" to avoid spending more on litigation than the value of the underlying claim.
R.C. 2323.51 controls the imposition of attorney fees for frivolous conduct. R.C. 2323.51(B)(1) provides that a court may award "court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to a party to the civil action or appeal who was adversely affected by frivolous conduct." Frivolous conduct is defined in R. C. 2323.51(A)(2) as follows:
(2) "Frivolous conduct" means either of the following:
 (a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies either of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 (ii) It is not warranted under existing law, and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, . . .[1]
The amount of an award of attorney fees is that amount "reasonably incurred by a party." R.C. 2323.51(B)(3)(b). A trial court's decision to grant or to deny a request for attorney fees will not be disturbed absent an abuse of discretion. Lewis v. Celina Financial Corp. (1995),101 Ohio App.3d 464. An abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. See Blakemore, supra.
In turn, Civ. R. 11 provides, in pertinent part:
 The signature of an attorney . . . constitutes a certificate by the attorney . . . that the attorney . . . has read the document; that to the best of the attorney's . . . knowledge, information, and belief there is good ground to support it, and that it is not interposed for delay. . . . For a willful violation of this rule, an attorney . . ., may be subjected to appropriate action, including an award to the opposing party of . . . reasonable attorney fees incurred in bringing any motion under this rule.
As with the imposition of attorney fees under R. C. 2323.51, the decision to impose sanctions under Civ. R. 11 is left to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Millis Transfer, Inc. v. Z Z Distributing Co. (1991),76 Ohio App.3d 628.
Appellant, in the case sub judice, specifically argues that it is entitled to attorney fees and costs since the trial court, despite appellee Douglas Bixler's affidavit in opposition to appellant's motion for summary judgment, granted such motion. According to appellant, the granting of appellant's motion for summary judgment despite an opposing affidavit "evinces that Trial Court's firm (albeit unstated) conviction that Appellees never had a viable defense in the first place . . . ". Appellant did not request findings of fact and conclusions of law relative to the issue of attorney fees. Without the same, we must presume regularity on the part of the trial court. See, for example, Taylor v.Taylor (Dec. 30, 1998), Summit App. No. 18424, unreported.
Furthermore, upon our review of the record, we find that the trial court did not abuse its discretion in denying appellant's motion for attorney fees and costs since such decision was not arbitrary, unconscionable or unreasonable. At issue in this matter was appellees' responsibility for medical bills representing services that appellant provided to appellees' son. Both in the affidavit attached to the brief in opposition to appellant's motion for summary judgment and during his deposition testimony, appellee Douglas Bixler averred that both he and his wife advised appellant prior to treatment that Aultcare was their primary insurance and that Medicaid was their secondary insurance and that appellant would be paid by such sources. Appellee Douglas Bixler further averred that appellant advised them that although it was not currently a Medicaid provider, it would initiate the proceedings to become one. While appellant, in its reply brief, argues that there were contradictions between the contents of appellee Douglas Bixler's affidavit and such appellee's deposition testimony, appellant has not pointed out such contradictions to either the trial court or this court.
In short, while appellant asserts that appellees' asserted affirmative defenses were without "good ground" under Civ.R. 11 and evinced "frivolous conduct" under R.C. 2323.51(A)(2), we find that the record before us fails to demonstrate anything more than a genuine legal dispute between the parties as to appellees' obligation to pay for therapeutic services. Therefore, the trial court did not abuse its discretion by failing to award attorney fees and costs as sanctions since such decision was not arbitrary, unconscionable or unreasonable.
Appellant's second assignment of error is, therefore, overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court is affirmed.
Costs to appellant.
Hon. Sheila Farmer, P. J., Hon. Julie Edwards, J., Hon. John Boggins, J., concur.
[1] There are a number of different versions of R. C. 2323.51. However, regardless of which version of R. C. 2323.51 applies, the outcome of appellant's assignment is the same.