OPINION
Plaintiff, Gwendolyn Fry Raab, appeals from an order denying her motion for costs.
A jury returned a verdict in favor of Raab in an action on her claim for relief for personal injuries against Defendant, Donald Wenrich, in the amount of $3,500. The court entered a judgment for Raab in that amount.
Raab subsequently moved to tax as costs of the action, to which she is entitled as prevailing party, the expense she incurred in videotaping the deposition of her expert witness. Raab also asked the court to tax as costs the expense she incurred in the preparation of a written transcript of the witness' testimony, which she was required by a local rule of court to file.
The trial court denied Raab's motion with respect to both expenditures. She filed a timely notice of appeal from the trial court's order.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FAILING TO AWARD LITIGATION COSTS TO PLAINTIFF/APPELLANT PURSUANT TO CIVIL RULE 54.
Costs of an action are expenses incurred in its prosecution or defense. Some such expenses may be awarded to the prevailing party in whose favor a judgment on a claim for relief is entered. The power to award costs is generally regarded as an element of the judicial power. See Busik v. Levine (1973), 63 N.J. 351, 307 A.2d 571.
In Ohio, an award of costs is governed by Civ.R. 54(D), which states:
 Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs.
"Civ.R. 54(D) grants the trial court discretion to order that the prevailing party bear all or part of his or her own costs." State ex Rel. Reyna v. Natalucci-Persichetti (1998), 83 Ohio St.3d 194, 198 (citing Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, 555). Thus, the assessment of costs is a matter within the discretion of the trial court and, absent an abuse of discretion, will be affirmed. Keaton v. Pike Comm. Hosp. (1997), 124 Ohio App.3d 153.
Raab's request for costs also implicates S.Ct.Prac.R. 13(D)(2), which states:
 The reasonable expense of recording testimony on videotape * * * shall be allocated as costs in the proceedings in accordance with Civil Rule 54.
The Supreme Court Rules of Superintendence and the Ohio Rules of Civil Procedure were promulgated by the Ohio Supreme Court pursuant to ArticleIV, Section 5(A)(1) and (B), of the Ohio Constitution. Section 5 (B) further provides: "Courts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with rules promulgated by the supreme court."
Mont. Loc.R. 1.27(B) provides:
 If a videotaped deposition is filed, then a transcript of the deposition must be filed simultaneously unless the transcript has been filed previously. The filing of the transcript must comply with Local Rule 2.09(IV).
Mont.Loc.R. 2.09(IV) concerns discovery, and operates to make the transcript discoverable.
In denying Raab's motion, the trial court relied on Williamson v. Ameritech Corp. (1998), 81 Ohio St.3d 342. There, the prevailing party, Ameritech, relying on the provisions of R.C. 2319.27 that govern the fees a court reporter may charge, had asked the court to tax as costs the court reporter fees it incurred in taking and transcribing depositions. The trial court awarded the fees as costs, and the court of appeals affirmed. The Supreme Court reversed, holding:
 R.C. 2319.27 does not provide a statutory basis for taxing the services of a court reporter at a deposition as costs under Civ.R. 54(D).
Id., Syllabus by the Court.
The Supreme Court reasoned in Williamson that "[c]osts are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." Id., p. 344, quoting Benda v. Fana (1967), 10 Ohio St.2d 259, paragraph one of the syllabus. Neither R.C. 2319.27 nor any other section of the Revised Code authorized payment of the court reporters fees as costs. Therefore, the Supreme Court concluded, "the trial court had no authority to tax, as costs, court reporters fees related to Ameritech's taking of depositions." 81 Ohio St.3d, at p. 345.
Civ.R. 54(D) imposes an affirmative obligation on the trial courts to allow costs "[e]xcept when express provision therefor is made either in a statute or in these rules." If Williamson is read to define "costs" for purposes of Civ.R. 13(D)(2) to be only and exclusively those litigation expenses for which reimbursement is required by statute, the exception then becomes the rule. Further, and in that event, the provisions of Sup.R. 13(D)(2) requiring allocation of the expense of videotaping a deposition as costs are then a nullity, because no section of the Revised Code imposes that requirement.
We cannot conclude that it was the Supreme Court's intention in Williamson to nullify the provisions of its own Rule of Superintendence. Indeed, we note that the syllabus in Williamson is limited to the application of R.C. 2319.27 in allocation of costs, and a syllabus states the controlling point or points of law the Supreme Court has decided. S.Ct.R.Rep.Op 1(B). Accordingly, we hold that, per Sup.R. 13(D)(2), the trial court was required to allocate the expenses of videotaping her expert's testimony to Raab in costs awarded her as the prevailing party, pursuant to Civ.R. 54(D). We note that the Eighth District Court of Appeals has adopted that view. See Werner v. McAbier (Jan. 13, 2000), Cuyahoga App. Nos. 75197, 75233, unreported; Bates v. Ricco (Nov. 18, 1999), Cuyahoga App. No. 74892, unreported.
With respect to the expense of the transcript of her expert's videotaped deposition that Mont.Loc.R. 1.27(B) required Raab to file, Raab relies on R.C. 2301.21, which states:
 When it is necessary in an appeal, or other civil action to procure a transcript of a judgment or proceeding, or exemplification of a record, as evidence in such action or for any other purpose, the expense of procuring such transcript or exemplification shall be taxed in the bill of costs and recovered as in other cases.
We have read Williamson, supra, as not limiting "costs" to those expenses for which reimbursement is required by statute. That does not mean that an expense should not be classified as a cost for purposes of Civ.R. 13(D) when reimbursement is required by statute. Though an award of costs is not a substantive right, but a matter of procedure, the requirement imposed by R.C. 2301.21 is not in conflict with Civ.R. 13(D). Therefore, it is not void pursuant to Article IV, Section 5(B), and must be given effect.
R.C. 2301.21 plainly classifies the expense of procuring a transcript of any "proceeding, or exemplification of a record" as a cost to be taxed and recovered in a civil action when it is used "as evidence in such action or for any other purpose" that is "necessary." Mont.Loc.R. 1.27(B) makes it necessary when a videotape deposition is employed in the proceeding on the action. Therefore, Raab is entitled to have the expense of transcribing her witness's testimony taxed as a cost, per Williamson v. Ameritech, supra.
We find that the trial court erred when it denied Plaintiff-Appellant Raab's motion for costs. The assignment of error is sustained. Per App.R. 27, the case will be returned to the trial court on our mandate to enter an order for costs consistent with this opinion.
WOLFF, P.J. and BRYANT, J., concur.
Honorable Thomas F. Bryant, Court of Appeals, Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.