OPINION
{¶ 1} Wynette Brodess, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted certain costs to Paul F. Bagent, defendant-appellee.
 {¶ 2} On January 9, 2001, appellant and appellee were involved in a motor vehicle accident. On March 14, 2002, appellant filed a complaint alleging she suffered physical injuries and property damage as a result of the negligence of appellee. By agreement without court order, the parties agreed to arrange an independent medical examination ("IME"). Appellee arranged for the IME to be performed by Dr. Martin Gottesman on November 20, 2002, which was later rescheduled to October 30, 2002. On October 4, 2002, appellant notified appellee that she objected to using Dr. Gottesman. Notwithstanding, appellee rescheduled an examination with Dr. Gottesman for October 24, 2002. On October 9, 2002, appellee filed a motion to compel appellant to appear before Dr. Gottesman. On October 30, 2002, the trial court found that appellant had set forth a legitimate basis for her objection to Dr. Gottesman and denied the motion to compel. The parties then agreed for appellant to be examined by Dr. Schlonsky.
 {¶ 3} On February 6 and 7, 2003, appellant took the videotaped trial depositions of Drs. Kenneth Schone and Bruce Kay, respectively. On January 29, 2003, appellee took the videotaped trial deposition of Dr. Schlonksy.
 {¶ 4} A jury trial was held in February 2003, and the jury found in favor of appellee. Appellee then filed a motion to tax costs on May 12, 2003. On May 18, 2004, the trial court issued a decision sustaining in part and denying in part appellee's motion to tax costs. On June 1, 2004, the trial court entered an order awarding appellee costs of $1,211.83 for: (1) $56.30 for the costs of videotape copies of the deposition of Drs. Kay and Schone; (2) a $250 "no-show" fee relating to appellant's failure to appear at the disputed October 24, 2002 appointment with Dr. Gottesman; and (3) $905.53 for costs associated with the videotaped deposition of Dr. Schlonsky used at trial. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
I. The Court of Common Pleas erred in granting Defendant-Appellee's Motion for Costs by charging as a cost the cost of the videotapes used to record the Defendant-Appellee's expert witness depositions.
II. The Court of Common Pleas erred in granting Defendant-Appellee's Motion for Costs by charging as a cost the fee incurred by Defendant-Appelle[e] for the failure of Plaintiff-Appellant to appear at a disputed, non-court ordered, defense medical examination.
III. The Court of Common Pleas erred in granting Defendant-Appellee's Motion for Costs by charging as a cost the expense of recording and playing of a video deposition of Defendant-Appellee's medical expert when such cost shall be bourne [sic] by the court.
 {¶ 5} Appellant argues in her first assignment of error that the trial court erred by granting appellee's motion for costs by charging as a cost the cost of the videotapes used to record the defendant-appellee's expert witness depositions. Civ.R. 54(D) provides: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." The phrase "unless the court otherwise directs" has been held to grant courts the discretion to order the prevailing party to endure part or all of their own costs. Vance v. Roedersheimer (1992),64 Ohio St.3d 552, 555. Civ.R. 54(D) does not provide an absolute right for court costs to be awarded to the prevailing party. State ex rel.Gravill v. Fuerst (1986), 24 Ohio St.3d 12, 13. A trial court's decision on a motion for attorney fees and costs is typically reviewed on appeal for an abuse of discretion. Sherman v. Fifth Third Bank (1993),93 Ohio App.3d 63, 65. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Landis v. Grange Mut. Ins.Co. (1998), 82 Ohio St.3d 339, 342.
 {¶ 6} Appellant maintains that the trial court erred in awarding appellee $56.30 for the costs incurred in obtaining copies of the video depositions of Drs. Kay and Schone from appellant. Appellee concedes it was error for the trial court to award as costs such fees under Rules of Superintendence for the Courts of Ohio 13(D)(4). We agree. Therefore, appellant's first assignment of error is sustained.
 {¶ 7} Appellant argues in her second assignment of error that the trial court erred in awarding appellee the costs incurred for the failure of appellant to appear at Dr. Gottesman's October 24, 2002 medical examination. The trial court awarded appellee the $250 "no-show" fee that appellee was charged because appellant did not attend the examination with Dr. Gottesman on October 24, 2002. We find this was error. On October 4, 2002, appellant's counsel mailed a letter to counsel for appellee specifically stating that he had advised appellant not to attend the medical examination, scheduled at that time for October 30, 2002, and informing appellee's counsel the reason for such. Appellee acknowledged appellant's refusal by filing a motion on October 9, 2002, to compel appellant's attendance. Appellant then filed a memorandum contra, again reiterating that appellant would not be attending the examination and outlining the reasons for such. Appellee clearly had more than sufficient notice of appellant's refusal to attend the examination in order to cancel the appointment with Dr. Gottesman in a timely manner. Appellee simply failed to cancel this appointment and cannot now seek remuneration for this cost. It is also worthy of note that the trial court subsequently found appellant had a legitimate basis for her objection to the examination by Dr. Gottesman, thereby evincing appellant's opposition was in good faith and not for harassment or delay. Accordingly, appellant's second assignment of error is sustained.
 {¶ 8} Appellant argues in her third assignment of error that the trial court erred in awarding appellee the $905.53 incurred in costs associated with the videotaped trial deposition of Dr. Schlonsky. The bill submitted by appellee includes charges for the following 14 items: (1) attendance of court reporter — $19; (2) attendance of court reporter overtime — $114; (3) original transcript-med/tech-expedited — $340.20; (4) same-side copy — $40.50; (5) filing fee — $20; (6) exhibit copying charges — $1.50; (7) Rule 13 objection log-labor — $20; (8) Min-U-Script conversion — $15; (9) attendance of videographer for first hour — $125; (10) attendance of videographer for each additional half-hour — $150; (11) video materials used for original — $15; (12) videotape copy — $20; (13) delivery — $7.50; and (14) tax — $17.83.
 {¶ 9} We first note that appellee argues appellant waived any argument with respect to the individual charges comprising the award of $905.53 for the video deposition of Dr. Schlonsky because appellant only contested the total $905.53 charge as a whole in the trial court. However, after reviewing the record, we find appellant sufficiently put the individual charges in dispute by contesting, in her memorandum contra, the various charges in groups according to category of expense and relevant case law, rather than delineating each individual charge. Therefore, appellee's contention is without merit.
 {¶ 10} Appellant concedes that items six, nine, and ten above are reasonable costs; therefore, we will not address them. As for the other charges, in Williamson v. Ameritech Corp. (1998), 81 Ohio St.3d 342, the Ohio Supreme Court stated that Civ.R. 54(D) provides the general rule for allowing costs to the prevailing party in a civil case unless the court otherwise directs. The court also found, however, that the categories of litigation expenses comprising "costs" are limited. Id. at 343, citingCentennial Ins. Co. v. Liberty Mut. Ins. Co. (1982), 69 Ohio St.2d 50. The court defined "costs" as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment. Id., quoting Benda v. Fana (1967), 10 Ohio St.2d 259, paragraph one of the syllabus. Thus, the court concluded in Williamson, the subject of costs is one entirely of statutory allowance and control. Id. at 343-344, citing State ex rel. Michaels v. Morse (1956), 165 Ohio St. 599.
 {¶ 11} We will address the expenses above in an order more suitable for analysis rather than in numerical order. With regard to item three, we find the trial court properly awarded such as costs. As explained above, the Ohio Supreme Court in Williamson held that the awarding of costs is one of statutory allowance and control, and for costs to be awarded to a party, there must be a specific statute that authorizes such costs to be taxed and included in the judgment. In Raab v. Wenrich (Feb. 22, 2001), Montgomery App. No. 19066, the appellate court found that R.C. 2303.21 authorized the expense of procuring a transcript of an expert's videotaped deposition that was used at trial. R.C. 2303.21
provides:
When it is necessary in an appeal, or other civil action to procure a transcript of a judgment or proceeding, or exemplification of a record, as evidence in such action or for any other purpose, the expense of procuring such transcript or exemplification shall be taxed in the bill of costs and recovered as in other cases.
 {¶ 12} The court in Raab reasoned that the expense of procuring a transcript of an expert's videotaped deposition could be taxed as a cost under R.C. 2303.21 because it was: (1) a transcript of a "proceeding" or an "exemplification of a record"; (2) used "as evidence in such action or for any other purpose"; and (3) "necessary." The court found the transcript of the deposition to be "necessary" because Loc.R. 1.27(B) of the Court of Appeals of Montgomery County required a transcript to be filed with all videotaped depositions.
 {¶ 13} In the present case, we find the above three requirements were met. With regard to the first requirement, Dr. Schlonsky's deposition transcript was of a "proceeding" or was an "exemplification" of the videotape recording. With respect to the second requirement, although appellee does not allege that the transcript was used "as evidence," R.C.2303.21 also permits the transcript to be taxed as a cost when it is procured "for any other purpose." Here, appellee points out that the trial court used the transcript of the videotaped deposition to assist it in ruling on objections and in cuing the objections on the videotape. The trial court also specifically stated in its decision that Dr. Schlonsky's testimony was used at trial to rule on objections. Thus, we find that the use of Dr. Schlonsky's transcript fulfilled the "for any other purpose" requirement of R.C. 2303.21. As for the third requirement in R.C. 2303.21, although appellee does not point to any local rule requiring the filing of the transcript of a videotaped deposition, as in Raab, we find that the transcript was "necessary" because the trial court used it in ruling on the objections. Therefore, all of the statutory requirements of R.C.2303.21 are fulfilled in the present case so as to permit the expense of procuring the deposition transcript of Dr. Schlonsky to be awarded as costs. Although we question whether awarding any extra cost incurred in obtaining the original transcript in an "expedited" manner is authorized by statute, as the parties in the present case failed to separate this extra cost from the standard cost of obtaining the transcript, for purposes of this case only, we find the entire expense in item three to be taxable as a cost.
 {¶ 14} Further, we also note that some appellate courts have interpreted Williamson to prohibit the award of any expenses associated with transcripts of depositions as costs under any circumstances. See, e.g., Wells v. Hoppel (Jan. 30, 2001), Columbiana App. No. 99-CO-59; andNew Dimensions, Inc. v. Bixler (Feb. 11, 2002), Stark App. No. 2001CA00238. However, Williamson is not so broad. The syllabus inWilliamson provides only that R.C. 2319.27 does not provide a statutory basis for taxing the services of a court reporter at a deposition as costs. The court in Williamson does not address any other statutes other than R.C. 2319.27, and the syllabus does not specifically or implicitly prohibit expenses for producing the transcript of a deposition from being awarded as costs based upon any other statutory authority. Accordingly, we find the trial court did not err in awarding as costs the expenses detailed in item three above.
 {¶ 15} With regard to charges in items one and two above, Williamson
requires statutory authority for taxing an expense as a cost. Appellee points to no statutory authority authorizing the attendance of a court reporter at a deposition to be taxed as costs. R.C. 2303.21, as explained above, applies only to the expenses associated with the procuring of a transcript of a deposition, and does not apply to expenses relating to the attendance of the court reporter at the deposition. Therefore, we find that the trial court erred in awarding the costs in items one and two above for the attendance of the court reporter at Dr. Schlonsky's deposition.
 {¶ 16} With regard to items four, five, seven, and eight, these appear to be additional charges incurred beyond the standard fee associated with procuring the original transcript. There is no evidence that these expenses were "necessary" for any purpose, pursuant to R.C. 2303.21, and several appear to be convenience charges. Appellee fails to cite any statutory authority permitting these expenses to be taxed as costs. Therefore, we find the trial court erred in awarding the costs outlined in items four, five, seven, and eight above. With respect to items eleven and twelve above, pursuant to Sup.R. 13(A) and (D), the cost of videotape as a material shall be borne by the proponent, and the expense of copying a videotape shall be borne by the party requesting the copy. See, also,Werner v. McAbier (Jan. 13, 2000), Cuyahoga App. No. 75197. Thus, appellee may not recover the charges in items eleven and twelve above as costs. As for items thirteen and fourteen, appellant fails to direct us to any statute that would allow these expenses to be taxed and included in a judgment for costs. See Williamson, supra. Accordingly, the trial court erred in awarding to appellee the charges included in items one, two, four, five, seven, eight, eleven, twelve, thirteen, and fourteen as costs. Appellant's third assignment of error is sustained in part and overruled in part.
 {¶ 17} Accordingly, appellant's first and second assignments of error are sustained, and appellant's third assignment of error is sustained in part and overruled in part. As we have found that the trial court committed error prejudicial to appellant and that the judgment should be modified as a matter of law, pursuant to our authority under App.R. 12(B), we modify the Franklin County Court of Common Pleas May 18, 2004 decision and entry, and enter judgment in favor of appellee for $616.50.
Judgment affirmed as modified.
Bryant and Klatt, JJ., concur.