[Cite as *Vossman v. AirNet Sys., Inc.*, 2017-Ohio-2872.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dan W. Vossman, | : | |
| Plaintiff-Appellant, | : | No. 16AP-739 |
| | | (C.P.C. No. 11CV-7360) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| AirNet Systems, Inc. et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 18, 2017

**On brief:** *Law Offices of Russell A. Kelm, Russell A. Kelm, and Colleen M. Koehler*, for appellant. **Argued:** *Russell A. Kelm.*

**On brief:** *Vorys, Sater, Seymour and Pease, LLP, David A. Campbell*, and *Gregory C. Scheiderer*, for appellees. **Argued:** *Gregory C. Scheiderer.*

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Dan W. Vossman, plaintiff-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court entered a final judgment awarding deposition transcript expenses as costs to Airnet Systems, Inc. ("Airnet"), Quinn Hamon ("Hamon"), and Thomas Schaner, defendants-appellees.

{¶ 2} Many of the factual details in this matter are not germane to the issues in the present appeal, so only a general recitation of the underlying facts is necessary. On June 5, 2011, appellant, a pilot with Airnet, filed an age discrimination action against appellees. Both parties took several depositions. On October 19, 2012, the trial court

granted summary judgment to appellees. This court affirmed in *Vossman v. AirNet Sys., Inc.*, 10th Dist. No. 12AP-971, 2013-Ohio-4675. On November 1, 2012, Airnet filed a motion for approval of bill of costs, seeking to tax as costs $3,641.70 for the transcripts of the depositions of appellant and four of Airnet's employees, including Hamon. On October 19, 2016, the trial court granted the motion for costs in its entirety. Appellant appeals the judgment of the trial court, asserting the following assignment of error:

> THE TRIAL COURT ERRED IN AWARDING DEPOSITION
> TRANSCRIPT EXPENSES AS COSTS UNDER CIVIL RULE
> 54 (D).

{¶ 3} Appellant argues in his assignment of error that the trial court erred when it awarded deposition transcript expenses as costs under Civ.R. 54(D). Civ.R. 54(D) provides the following:

> Costs. Except when express provision therefore is made either
> in a statute or in these rules, costs shall be allowed to the
> prevailing party unless the court otherwise directs.

{¶ 4} Costs are generally defined as being the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment. *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 555 (1992). Thus, in order to be taxable as a cost, pursuant to Civ.R. 54(D), the expense must be grounded in statute. *Nithiananthan v. Toirac*, 12th Dist. No. CA2014-02-021, 2015-Ohio-1416, ¶ 89, citing *Smallwood v. State*, 12th Dist. No. CA2011-02-021, 2011-Ohio-3910, ¶ 10. Whether a litigation expense is a cost contemplated within Civ.R. 54(D) is a question of law and subject to de novo review. *Id.*, citing *Smith v. Pennington*, 12th Dist. No. CA2010-03-071, 2010-Ohio-4570, ¶ 8. However, an appellate court cannot reverse a lower court's decision regarding the allocation of costs absent an abuse of discretion. *Id.*, citing *Hendricks v. Evertz Technology Serv. U.S.A., Inc.*, 12th Dist. No. CA2011-10-188, 2012-Ohio-2252, ¶ 7.

{¶ 5} In the present case, appellant's argument centers on the Supreme Court of Ohio's decision in *Williamson v. Ameritech Corp.*, 81 Ohio St.3d 342 (1998) ("*Williamson*"). In *Williamson*, the plaintiffs sued the defendants for age discrimination. The jury found in favor of the defendants, and the defendants moved for an award of costs under Civ.R. 54(D). The trial court granted the motion in part, awarding costs for

transcripts of the depositions of witnesses who testified at the trial and costs for expedited trial transcripts. On appeal, this court affirmed in *Williamson v. Ameritech Corp.*, 10th Dist. No. 96APE07-860 (Dec. 24, 1996). With regard to the depositions, we found that "[t]he statutory basis for taxing the expense of the services of a court reporter at a deposition and the production of a transcript as a cost under Civ.R. 54(D) is R.C. 2319.27." *Id.*, citing *In re Election of November 6, 1990 for the Office of Atty. Gen. of Ohio*, 62 Ohio St.3d 1, 4 (1991); *Miller v. Gustus*, 90 Ohio App.3d 622, 625 (10th Dist.1993); *Haller v. Borror*, 107 Ohio App.3d 432, 438 (10th Dist.1993); and *Springer v. Emerson Elec. Co.*, 8th Dist. No. 67705 (Sept. 14, 1995) (holding that R.C. 2319.27 provides for the court reporter fees for taking a deposition to be taxed as costs). We found that, although courts have limited the right to recover deposition expenses under Civ.R. 54(D) to when the depositions are used at trial, the record on appeal did not contain a transcript of the trial rendering us unable to independently review the use that was made of the depositions at trial. Thus, we found the plaintiffs failed to meet their burden of proving the trial court erred in awarding the defendants the expense relating to the depositions.

{¶ 6}   On appeal to the Supreme Court, that court reversed, finding that "there is neither general statutory authority empowering a trial court to award deposition expenses to a prevailing party nor a specific statutory mandate permitting the award in this case." *Williamson* at 343. The court found that the categories of litigation expenses comprising "costs" allowed to the prevailing party under Civ.R. 54(D) was limited. The court stated that " '[c]osts are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action *and* which the statutes authorize to be taxed and included in the judgment.' " (Emphasis sic.)  *Id.*, quoting *Benda v. Fana*, 10 Ohio St.2d 259 (1967), paragraph one of the syllabus. The court then summarized R.C. 2319.27, finding it sets parameters regarding what a person authorized to take depositions may charge in relation to his or her services and delineates specific means that such persons may employ in collecting payment. *Id.* at 344. The statute, therefore, satisfied the court's first requirement in *Benda*, that costs be statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action, but nothing in R.C. 2319.27, satisfied the second requirement of *Benda*, that the authority to tax and include

deposition costs in a judgment was statutory. The court found there is no statute authorizing the deposition expenses to be taxed and included in the judgment. *Id.* at 345. Thus, the Supreme Court held that this court erred when it concluded the trial court had authority to tax, as costs, court reporter fees related to Ameritech's taking of depositions. The court concluded that "R.C. 2319.27 does not provide a statutory basis for taxing the services of a court reporter at a deposition as costs under Civ.R. 54(D)." *Id.*

{¶ 7} In the present case, appellant relies on the passage in *Williamson*—in which the court stated there was no general or specific statutory authority empowering a trial court to award deposition expenses to a prevailing party—to argue that there is no statutory authority in the present case to award the cost of the deposition transcripts. In response, appellees claim R.C. 2303.21 provides the necessary statutory allowance for the award of the cost of deposition transcripts. R.C. 2303.21, which is entitled "Expenses of transcript or exemplification shall be taxed in costs," provides:

> When it is necessary in an appeal, or other civil action to procure a transcript of a judgment or proceeding, or exemplification of a record, as evidence in such action or for any other purpose, the expense of procuring such transcript or exemplification shall be taxed in the bill of costs and recovered as in other cases.

Appellant contends that R.C. 2303.21 does not provide the requisite statutory authority to award deposition transcript expenses as costs because R.C. 2303.21 never uses the word "deposition," and a "proceeding" must be judicial business conducted before a court or judicial officer, which a deposition is not.

{¶ 8} We find *Williamson* inapplicable to the present circumstances. *Williamson* specifically limited its opinion to whether R.C. 2319.27 provides statutory authority to award as costs the fees of a court reporter at a deposition. R.C. 2319.27 is the only statute addressed and examined in *Williamson* as being potentially applicable to that case, and the court's ultimate holding addressed only R.C. 2319.27. The court held, "[w]e conclude that R.C. 2319.27 does not provide a statutory basis for taxing the services of a court reporter at a deposition as costs under Civ.R. 54(D)." *Id.* at 354. Nowhere in *Williamson* did the court address R.C. 2303.21.

{¶ 9} Furthermore, the court in *Williamson* did not find that there existed no statutory authority for awarding deposition transcript expenses as costs. Although

appellant points to the introductory sentence in *Williamson* that "there is neither general statutory authority empowering a trial court to award deposition expenses to a prevailing party nor a specific statutory mandate permitting the award in this case," *id.* at 343, to support its proposition that the court in *Williamson* impliedly found that R.C. 2303.21 does not permit an award in this case, we find this reliance flawed. In discussing "deposition expenses," the court in *Williamson* was addressing only the fees for court reporter services at a deposition. The court in *Williamson* was not examining the costs of deposition transcripts.  The specific question certified before the court in *Williamson* was " 'whether expenses related to the taking of a deposition are "costs" within the meaning of Civ.R. 54(D).' " *Williamson v. Ameritech Corp.*, 78 Ohio St.3d 1454 (1997). Here, appellant neither sought an award of costs under R.C. 2319.27 nor sought an award of costs for court reporter fees. Instead, appellant seeks costs for deposition transcripts under R.C. 2303.21. Therefore, the holding in *Williamson* is inapplicable to the present case.

{¶ 10} Other courts are in accord with our analysis above. In *Boomershine v. Lifetime Capital, Inc.*, 182 Ohio App.3d 495, 2009-Ohio-2736 (2d Dist.), the Second District Court of Appeals, citing *Keaton v. Pike Comm. Hosp.*, 124 Ohio App.3d 153 (4th Dist.1997), held that deposition transcript expenses may be awarded as costs if they are used to support or oppose a motion for summary judgment, based on R.C. 2303.21 and Civ.R. 54(D).  *Id.* at ¶ 13. The court reasoned that the "evidence" referred to in Civ.R. 56(C) includes "depositions," "affidavits," and "transcript of evidence," the "costs" of which may, pursuant to the trial court's discretion, be taxed to a non-prevailing party. *Id.* The court also distinguished *Williamson*, finding that the question in *Williamson* was whether R.C. 2319.27 provided a statutory basis to tax as costs the services of a court reporter at a deposition, while the issue in *Boomershine* was whether R.C. 2303.21 provided a statutory basis to recover expenses incurred to obtain a transcript of a deposition. *Id.* at ¶ 9.

{¶ 11} The court in *Boomershine* at ¶ 11 further reasoned that the expenses incurred to obtain transcripts were "necessary" because: (1) Montgomery County Loc.R. 2.09(IV) required that a deposition transcript be filed when needed "for consideration of a motion in the proceeding," citing *Jackson v. Sunforest OB-GYN Assocs. Inc.*, 6th. Dist.

No. L-08-1133, 2008-Ohio-6170, ¶ 8 (stating that, because a local rule required it, the cost of the deposition transcript can be awarded as "costs" under Civ.R. 54(D) because it was necessary to the trial), (2) in *Raab v. Wenrich*, 2d Dist. No. 19066, 2002-Ohio-936, the court found that, under R.C. 2301.21, a deposition is a "proceeding," and (3) evidence for the purposes of summary judgment includes all those items properly submitted to the court pursuant to Civ.R. 56(C), including depositions and transcripts of evidence, because they are analogous to evidence admitted at a trial. *Boomershine* at ¶ 13, citing *Haller* at 439.

{¶ 12} In *Brondes Ford, Inc. v. Habitec Sec.*, 6th Dist. No. L-12-1358, 2015-Ohio-2441, the Sixth District Court of Appeals found that, pursuant to R.C. 2303.21 and Civ.R. 54(D), transcripts of depositions that are filed and used for any purpose that is necessary can be awarded as costs, even if no trial is held. *Id.* at ¶ 173-76, citing *Atkinson v. T.A.R.T.A.*, 6th Dist. No. L-05-1106, 2006-Ohio-1638, ¶ 11, citing *Raab*. *See also Kmotorka v. Wylie*, 6th Dist. No. WD-11-018, 2013-Ohio-321, ¶ 53-54 (finding that, based on *Boomershine*, the cost of depositions that are filed in an action to oppose summary judgment, even though not used at trial, may be taxed as "costs" pursuant to Civ.R. 54(D) and R.C. 2303.21).

{¶ 13} In *2115-2121 Ontario Bldg., L.L.C. v. Anter*, 8th Dist. No. 98255, 2013-Ohio-2993, ¶ 28-29, the Eighth District Court of appeals found that R.C. 2303.21 applies to the expenses associated with the procuring of a transcript of a deposition when it is necessary. *Id.* at ¶ 28, citing *Naples v. Kinczel*, 8th Dist. No. 89138, 2007-Ohio-4851, ¶ 13. The court found that the deposition transcripts were necessary to support the plaintiff's motion for summary judgment, because Civ.R. 56(C) expressly states that the court shall grant summary judgment only if the evidence, in the form of depositions and other specified evidence, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* at ¶ 29. Therefore, the court in *2115-2121 Ontario Bldg.* concluded that the trial court acted within its discretion when it taxed the expenses of deposition transcripts as costs.

{¶ 14} In *Nithiananthan*, the court found that R.C. 2303.21 provides statutory authority to award the cost of transcription of depositions when determining the merits of a summary judgment motion. *Id.* at ¶ 91. The court determined that the trial court's

award for deposition fees was proper where the magistrate awarded the cost of the parties' depositions, as the parties' depositions were the most crucial evidence used during the summary judgment phase, and that the parties' depositions were "necessary" to include in the record. *Id.* at ¶ 93.

{¶ 15} The Tenth District Court of Appeals has also addressed several of the issues pertinent here. Although not a case involving summary judgment, in *Brodess v. Bagent*, 10th Dist. No. 04AP-623, 2005-Ohio-20, this court addressed *Williamson*. We noted that some appellate courts have interpreted *Williamson* to prohibit the award of any expenses associated with transcripts of depositions as costs under any circumstances. However, we found that *Williamson* is not so broad. We noted that the syllabus in *Williamson* provides only that R.C. 2319.27 does not provide a statutory basis for taxing the services of a court reporter at a deposition as costs. *Id.* at ¶ 14. We indicated that the court in *Williamson* does not address any other statutes other than R.C. 2319.27, and the syllabus does not specifically or implicitly prohibit expenses for producing the transcript of a deposition from being awarded as costs based on any other statutory authority. *Id.* We concluded that R.C. 2303.21 applied to allow the expenses associated with the procuring of a transcript of a deposition to be awarded as costs. *Id.* at ¶ 13.

{¶ 16} We find the above authorities support the trial court's award of deposition transcript expenses here. As the courts found in those cases, the deposition transcripts were properly awarded as costs because they were necessary to exemplify the record of a proceeding for purposes of summary judgment. Civ.R. 56(B) specifies depositions as one of the types of evidence that may be used in summary judgment proceedings, and Franklin County Loc.R. 57.02 requires all depositions in support of or in opposition to the motion for summary judgment be filed with the motions or responsive pleading. Thus, the deposition transcript expenses were necessary costs. We also note that although appellees did not cite one of the depositions—that of Hamon—in support of their motion for summary judgment, Hamon was a named defendant and the deposition was called by appellant. Hamon's transcript was necessary to prepare the summary judgment motion, and R.C. 2303.21 allows costs to be recovered for transcripts procured "for any other purpose." For the foregoing reasons and based on the above authorities, we find the trial

court did not err when it granted appellees' motion for costs, and we overrule appellant's single assignment of error.

{¶ 17} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.

_____