FALZONE ET AL., APPELLANTS, *v.*
RUTKOWSKI; TOLEDO AREA REGIONAL
TRANSIT AUTHORITY, APPELLEE.

(No. L-87-239—Decided
March 25, 1988.)

*Jack Lenavitt* and *Mark Shumacher,* for appellants.
*Willis Jones, Jr.,* for defendant.
*Gerald Kowalski,* for appellee.

*Per Curiam.* The cause is on appeal from a judgment of the Lucas County Court of Common Pleas.

The parties to this action have stipulated to the following facts. On February 13, 1986, plaintiff-appellant, James Falzone, who is legally blind, had just deboarded one of defendant-appellee Toledo Area Regional Transit Authority's ("TARTA's") buses and was walking north on Fearing Avenue in Toledo. While walking on Fearing Avenue, appellant was struck by a motor vehicle driven by Thaddeus S. Rutkowski. Appellants settled their cause against Rutkowski who was dismissed as a party to this suit.

Ultimately, appellants' theory of liability against TARTA was that TARTA was negligent in excluding blind persons from its policy of providing door-to-door bus service for handicapped persons.

On May 6, 1987, TARTA moved for summary judgment as to any issue regarding negligence. In support of the motion for summary judgment, appellee alleged that TARTA is a "political subdivision" as defined by Ohio's sovereign immunity statutes, R.C. 2744.01 *et seq.,* and is therefore immune from any liability for its policy decision not to include blind persons in its door-to-door bus service. The court granted summary judgment in favor of appellee.

From said judgment, appellants set out the following assignment of error:

"The trial court erred in granting defendant TARTA's motion for summary judgment in that TARTA is not entitled to the protection of Chapter 2744 of the Ohio Revised Code, the soveriegn [*sic*] immunity statute[s]."

In this assignment of error, appellants contend that the trial court erred in granting appellee's summary judgment motion in that a regional transit authority, in particular, appellee TARTA, is not entitled to the protections granted to political entities by R.C. Chapter 2744.

On a motion for summary judgment, the moving party has the burden of showing that no genuine issue exists as to any material fact and that he is entitled to judgment as a matter of law. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 8 O.O.

3d 73, 375 N.E. 2d 46. When a summary judgment motion is made "[p]ursuant to Civ. R. 56(C), summary judgment may be granted when it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." *Adkins* v. *Ontario* (1983), 8 Ohio St. 3d 45, 46, 8 OBR 406, 407, 457 N.E. 2d 317, 318.

In this case, appellants contend that appellee TARTA is not a political subdivision that should be shielded from liability by R.C. Chapter 2744. R.C. 2744.03 provides, in relevant part:

"(A) In a civil action brought against a political subdivision * * * to recover damages for injury * * * allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish non-liability:

"* * *

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion * * * unless the judgment * * * was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

Appellants rely primarily on R.C. 2744.01(F) which provides a list of "political subdivisions." Appellants argue that because "regional transit authority" is not specifically listed in this statute, policy decisions of appellee are not entitled to the immunity provided by R.C. 2744.03(A)(5).

Additional consideration of R.C. 2744.01 as well as case law indicates that a regional transit authority is among those entities granted sovereign immunity by the legislature. For instance, R.C. 2744.02(A)(1) provides, in part:

"For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and *proprietary functions.* * * *" (Emphasis added.)

According to R.C. 2744.01(G)(2)(c), "[a] 'proprietary function' includes but is not limited to, the following: * * * (c) The establishment, maintenance, and operation of a utility, including, * * * a busline or other transit company * * *[.]"

Additionally, in *Spitaleri* v. *Metro RTA* (1980), 67 Ohio App. 2d 57, 21 O.O. 3d 367, 426 N.E. 2d 183, decided prior to the enactment of R.C. Chapter 2744, the court held that a regional transit authority is a "political subdivision of the state." In reaching this conclusion, the court relied on R.C. 306.31, which provides:

"A regional transit authority may be created in the manner provided in section 306.32 of the Revised Code * * *. A regional transit authority so created is a *political subdivision* of the state * * *." (Emphasis added.)

In *Schwenk* v. *Miami Valley RTA* (C.P. 1975), 4 O.O. 3d 145, the court applied R.C. 306.31 and concluded, *inter alia,* that a regional transit authority is a political subdivision and therefore does not fall within the statutes setting forth the power to regulate public utilities.

Accordingly, appellee, a regional transit authority and a political subdivision, qualifies for sovereign immunity within R.C. 2744.03. Appellee's decision to exclude persons from its program providing door-to-door bus service for handicapped persons is therefore immune from appellants' challenge absent any finding of malicious purpose, bad faith or wanton or reckless misconduct.

For all of the aforestated reasons,

168

appellants' assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the parties complaining and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.