JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, William Foreman, appeals the decision of the Cuyahoga County Court of Common Pleas, Civil Division, which denied a hearing for prejudgment interest and court costs associated with a videotaped deposition.
 {¶ 2} The instant matter stems from a motor vehicle accident which occurred on September 25, 2000. William Foreman was driving westbound on St. Clair Avenue approaching the Eddy Road intersection. Seiji Wright was driving eastbound on St. Clair Avenue intending to turn left onto Eddy Road. The two vehicles collided in the intersection and a dispute of liability occurred as to which vehicle had the right-of-way.
 {¶ 3} The appellant, Foreman, filed suit against Wright, the appellee, on September 12, 2001. Wright maintained liability coverage through Allstate Insurance Company ("Allstate") in the amount of $12,500. Allstate retained counsel for Wright and submitted an answer denying liability on October 16, 2001. Foreman's settlement demand was for $12,500. Allstate offered to settle the suit for $4,000. The parties were unable to reach a settlement and a jury trial followed.
 {¶ 4} On September 5, 2002, the jury found Wright liable and awarded Foreman $10,000. The trial court's final order directed Foreman, the prevailing party, to pay court costs.
 {¶ 5} On September 18, 2002, Foreman submitted his motion to tax costs. He requested that the trial court revise the final order to reflect that the defendant, not the plaintiff, pay court costs, pursuant to Loc.R. 54(D). Foreman then requested the trial court to award costs for the videotaped deposition of his medical experts in the amount of $422.50. At trial, the videotaped depositions of Stephen R. Bernie, M.D. and Barry R. Jaffe, D.D.S. were presented in lieu of live testimony. Lastly, Foreman filed a motion for prejudgment interest. He argued that Allstate had failed to make a good-faith attempt to resolve this dispute pursuant to R.C. 1343.03.
 {¶ 6} In a nunc pro tunc entry issued by the trial court on September 20, 2002, Foreman's motion to tax costs was granted only in part. The final order was revised to reflect that costs were being charged to the defendant; however, the trial court did not rule upon the request to include the videotaped deposition expenses. In a further order issued on October 18, 2002, the trial court denied Foreman's motion for prejudgment interest without explanation.
 {¶ 7} On November 15, 2002, Foreman filed his timely notice of appeal. For the following reasons, we affirm in part and reverse in part.
 {¶ 8} Appellant presents three assignments of error. The first and second assignments of error are interrelated and will be addressed together.
 {¶ 9} "I. The trial judge erred, as a matter of law, by refusing to conduct a hearing upon plaintiff's timely motion for pre-judgment interest."
 {¶ 10} "II. The trial judge abused his discretion by refusing to impose pre-judgment interest against defendant in accordance with R.C. § 1343.03(C)."
 {¶ 11} Appellant claims that the trial court erred as a matter of law and abused its discretion by denying a hearing and award of prejudgment interest. Appellant's first two assignments of error are not well-taken.
 {¶ 12} An abuse of discretion implies more than an error of law or judgment. Rather, abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re Jane Doe1 (1991), 57 Ohio St.3d 135; Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 13} R.C. 1343.03(C) provides for prejudgment interest under certain circumstances. The statute states:
 {¶ 14} "Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."The general rule is that the trial court must conduct an oral hearing on a motion for prejudgment interest. Lovewell v. Physicians Ins. Co. of Ohio (1997),79 Ohio St.3d 143, 147; Kluss v. Alcan Aluminum Corp. (1995),106 Ohio App.3d 528, 541; Andrews v. Riser Foods, Inc. (Oct. 16, 1997), Cuyahoga App. No. 71658. However, if the motion for prejudgment interest is obviously not well taken, the trial court can deny the motion without conducting a hearing. Fazio v. Meridian Ins. Co. (Apr. 9, 1998), Cuyahoga App. No. 73320. The trial court has the discretion to decline to convene a hearing if it appears no award is likely. Werner v. McAbier (Jan. 13, 2000), Cuyahoga App. Nos. 75197, 75233; Leatherman v. Wingard (Dec. 4, 1998), Lucas App. No. L-98-1198, citing Novak v. Lee (1991),74 Ohio App.3d 623, 631.
 {¶ 15} The party seeking prejudgment interest must demonstrate both 1) that the opposing party failed to make a good faith effort to settle the case and 2) that the moving party did not fail to make a good faith effort to settle the case. "R.C. 1343.03(C) requires the party seeking prejudgment interest to demonstrate its aggressive settlement efforts and its adversary's lack of aggressive prejudgment settlement efforts." Sindel v. Toledo Edison Co. (1993), 87 Ohio App.3d 525, 533, citing Black v. Bell (1984), 20 Ohio App.3d 84, 88. A party's failure to tender a settlement demand has been held to constitute a lack of a good faith effort to settle the case. LeMaster v. Huntington Natl. Bank
(1995), 107 Ohio App.3d 639, 644. If the record indicates the defendant made an offer, but does not show whether the plaintiff made a settlement demand or any counteroffer, the plaintiff is not entitled to a hearing.Physicians Diagnostic Imaging v. Grange Ins. Co. (Sept. 24, 1998), Cuyahoga App. No. 73088.
 {¶ 16} If a party has a good faith objective and reasonable belief that he has no liability, then he is not compelled to make an offer to settle. Kalain v. Smith (1986), 25 Ohio St.3d 157. In evaluating whether a party has made a good faith effort to settle a case, a trial court must consider the following: 1) whether the party has fully cooperated in discovery proceedings, 2) whether the party has rationally evaluated his risk and potential liability, 3) whether the party has attempted to unnecessarily delay any of the proceedings, and 4) whether a good faith monetary offer was made, or responded to in good faith if made by the other party. Id.
 {¶ 17} A determination of whether a party has made a good faith effort to settle, for purposes of awarding prejudgment interest, is within the sound discretion of the trial court. Huffman v. HairSurgeons, Inc. (1985), 19 Ohio St.3d 83; Felden v. Ashland Chem. Co.,Inc. (1993), 91 Ohio App.3d 48.
 {¶ 18} In the instant matter, appellant initially requested the maximum liability limit of $12,500 from Allstate in order to settle the case. Allstate countered the offer at $4,000. Appellant claims Allstate would not move off this initial counteroffer; however, the record fails to show that the appellant was willing to move off his initial request of $12,500. The next logical step for the appellant in negotiation was to request something less than his initial demand. Neither party seems to have been aggressively pursuing settlement. There is nothing in the record to indicate that the appellant was willing to lower his demand or that Allstate was willing to increase its offer.
 {¶ 19} Allstate offered $4,000 to settle this case. Allstate's offer took into account disputed facts, the nature of appellant's injuries, and the amount of appellant's medical expenses, which totaled $2,190.75. An initial offer of twice the cost of medical expenses is not outrageous even if the jury returned a verdict for $10,000 in favor of the appellant; it is only a factor to consider in evaluating if the party properly assessed its liability risk. Moreover, Allstate offered the $4,000 settlement while disputing liability for the accident. Both parties disputed the color of the traffic light at the intersection of St. Clair Avenue and Eddy Road. Both parties claimed to have had the right-of-way at the intersection. Thus, Allstate was willing to settle even though it had a possibility of prevailing at trial.
 {¶ 20} Allstate made a good faith offer to settle the case. Allstate did not withdraw its $4,000 settlement offer. Allstate fully cooperated with discovery, did not unnecessarily delay the proceedings, rationally evaluated the risks and potential liabilities of the case before trial, and responded to appellant's initial offer in good faith. Appellant claims Allstate delayed proceedings by convincing the trial judge to postpone this case so that an independent medical review of the appellant could be conducted. Appellant then claims that a medical review was never conducted. This delay, in conjunction with the jury verdict, is not enough to constitute a failed good faith effort on Allstate's part to settle the case.
 {¶ 21} It is apparent from the record that the trial court properly found appellant's motion for prejudgment interest to be obviously not well taken, and an award of prejudgment interest was not likely. Therefore, an oral hearing for prejudgment interest was not necessary. The trial court did not abuse its discretion or err as a matter of law in denying a hearing and an award of prejudgment interest. Assignments of error I and II are hereby overruled.
 {¶ 22} Appellant's third assignment of error states:
 {¶ 23} "III. THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY REFUSING TO INCLUDE PLAINTIFF'S VIDEO-TAPED DEPOSITION EXPENSES AS COSTS UNDER CIV. R. 54(D)."
 {¶ 24} Appellant claims the trial court erred in not including the costs of a videotaped deposition as costs under Civ.R. 54(D). Appellant's third assignment of error is well received.
 {¶ 25} The trial court's journal entry awarding costs is unclear. The entry simply states that court costs are to be paid by defendant, not the plaintiff. The trial court does not address the issue of whether the videotaped depositions were to be awarded as court costs. This court will assume that the trial court intended to exclude the videotaped deposition as costs to the appellant. Civ.R. 54(D) grants the trial court the discretion to award court costs to the prevailing party. State ex Rel.Reyna v. Natalucci-Persichetti (1998), 83 Ohio St.3d 194, 198, citingVance v. Roedersheimer (1992), 64 Ohio St.3d 552, 555. Civ.R. 54(D) states that unless provided by statute or by the civil rules, costs are to be awarded to the prevailing party unless the court decides otherwise. Bates v. Ricco (Nov. 18, 1999), Cuyahoga App. No. 74982.
 {¶ 26} Rule 13(D)(2) of the Rules of Superintendence for the Courts of Common Pleas, promulgated by the Supreme Court of Ohio, provides that the reasonable expense of recording testimony on videotape and the expense of playing the videotape at trial shall be allocated as costs under Civ.R. 54. Accordingly, the appellant is entitled to recover costs in the amount of $422.50 for recording the videotaped depositions of its medical experts, which were played in lieu of live testimony at trial.
 {¶ 27} Assignment of error III is sustained and costs should be awarded to the appellant in the amount of $422.50.
 {¶ 28} Judgment affirmed in part, reversed in part and remanded.
 {¶ 29} This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
 {¶ 30} It is ordered that appellant recover of appellee costs herein taxed.
 {¶ 31} The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
 {¶ 32} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, J., Concurs. Diane Karpinski, J., Dissents,(with dissenting opinion attached.)