DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, awarding costs and prejudgment interest after a plaintiff's jury verdict in a personal injury claim.
 {¶ 2} Appellee, Jacquelyn Weber, was injured in a traffic accident when her car was struck by one driven by appellant, Tina M. Mories. Appellee sued and eventually won a $3,500 jury award. Following trial, appellee moved for costs and prejudgment interest. After a hearing, the trial court awarded appellee prejudgment interest from the date of the accident and costs, including those for appellee's medical expert and collateral to his videotaped testimony.
 {¶ 3} Appellant now appeals, arguing in two assignments of error that; 1) the costs awarded were excessive, and 2) the grant of prejudgment interest was unsupported by the facts.
 I. Costs. {¶ 4} The issue in appellant's first assignment of error is indistinguishable from that in Raab v. Weinrich, 2d Dist. No. 19066, 2002-Ohio-936, which found such costs taxable. Accordingly, appellant's first assignment of error is not well-taken.
 II. Prejudgment Interest. {¶ 5} Although appellant's second assignment of error is dependent on facts elicited at trial or during the post-judgment hearing, the record contains a transcript of neither.
 {¶ 6} It is an appellant's burden to provide a transcript for review, because an appellant has the duty of showing error by reference to the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Absent those portions of the record necessary for the resolution of the assigned errors, a reviewing court must presume the regularity of the proceedings and affirm the trail court's decision. Id.
 {¶ 7} Here, although appellant ordered a transcript of the prejudgment interest hearing, such a document was not submitted. Even after the clerk of this court sent notice to appellant that the record had been filed without a transcript, no transcript was filed, no motion to supplement the record was advanced, no inquiry was made concerning the transcript's absence.
 {¶ 8} It is appellant's duty to provide a transcript demonstrating error. Absent a transcript, we must presume the regularity of the proceedings. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 9} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Cost to appellant, pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., concur.