JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
 {¶ 2} Plaintiffs-appellants Nancy Sheesley ("Sheesley") and Ronald Sheesley (collectively referred to as "appellants") appeal the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 3} Appellants filed their complaint on January 7, 2003. On November 1, 2004, a jury returned a verdict in the amount of $10,000 in appellants' favor. Appellants subsequently filed a motion for prejudgment interest, and appellee Marilyn Walsh ("Walsh") filed a brief in opposition. Appellants' motion for prejudgment interest was eventually denied. They submitted a motion for reconsideration and appellees filed a brief in opposition.
 {¶ 4} On March 1, 2002, a low impact, rear-end motor vehicle accident occurred. Walsh was traveling eastbound on Chagrin Boulevard and came to a complete stop because of traffic. After stopping, she took her foot off the brake and began moving at approximately five m.p.h. It is at this point that Walsh accidentally struck the rear of Sheesley's 1983 Oldsmobile Delta 88. Immediately after the accident, Walsh exited her car and spoke to Sheesley. Both parties expressed that they were not injured, and both vehicles were driven away. However, Sheesley did accumulate $7,122 in medical bills for soft-tissue injuries to her neck and back. Appellee Allstate Insurance Company offered appellants $350 to settle the case. Appellants' counsel made a settlement demand of $25,000. By the date of trial, appellants lowered their demand to $15,000, and appellees raised their offer to $1,500. The case went to trial, and the jury returned a verdict in favor of the appellants for $10,000. As previously mentioned, appellants filed a motion for prejudgment interest, which was eventually denied by the trial court. Appellants then filed their appeal to this court.
 II. {¶ 5} Appellants' first assignment of error states the following: "The trial court erred to the prejudice of the plaintiff-appellant by failing to conduct a hearing regarding the motion for prejudgment interest." Appellants' second assignment of error states the following: "The trial court erred to the prejudice of the plaintiff-appellant by failing to award prejudgment interest."
 {¶ 6} Because of the substantial interrelation of appellants' assignment of errors, we shall address them together. The general rule is that a trial court must conduct an oral hearing on a motion for prejudgment interest. However, if the motion for prejudgment interest is obviously not well taken, the trial court can deny the motion without conducting a hearing. The trial court has the discretion to decline to convene a hearing if it appears no award is likely. Foreman v. Wright, Cuyahoga App. No. 82067, 2003-Ohio-5819. The trial court has the authority to deny a motion for prejudgment interest without conducting a hearing when the request is not adequately supported by the record. Fazio v.Meridian Ins. Co. (Apr. 9, 1998), Cuyahoga App. No. 73320. If the motion for prejudgment interest is obviously not well taken, the court can exercise its discretion to deny the motion without conducting a hearing. Jones v. Capco, Cuyahoga App. Nos. 81748, 81892, 2003-Ohio-5807; Taylor v. Steinberg, Cuyahoga App. Nos. 80280, 80493, 2002-Ohio-2961. Thus, the trial court has the discretion to decline to convene a hearing if it appears no award is likely. Augustine v. North Coast Limousine, Inc. (Aug. 10, 2000), Cuyahoga App. Nos. 76742, 76993.
 {¶ 7} The record in the case at bar fully supports the trial court's decision. For example, Sheesley acknowledged in sworn testimony at her deposition and during trial that she told Walsh and the investigating police officer at the scene that she was fine. She further acknowledged in her sworn testimony that there was very little property damage to the 1983 Oldsmobile Delta 88 she was operating. In fact, she testified that it was "nothing really," other than a twisted bumper. The property damage invoice for $968.35 included $400 for labor and over $60 in tax; only $505 of the invoice was for parts.
 {¶ 8} Investigating police officer Paul Reddix testified, and his police report reflects, that Walsh was not cited, because of lack of damage to both vehicles. Officer Reddix estimated Sheesley's speed at zero m.p.h. and Walsh's speed at five m.p.h. Dr. Zaas, Sheesley's orthopedic specialist, acknowledged that Sheesley had severe degenerative disc disease in her cervical spine, including disc space narrowing at C5-6, osteophytes (bone spurs), and narrowing of the neural foramin, all of which could cause symptoms of pain and none of which were caused by the accident of March 1, 2002. Accordingly, the evidence presented properly supports the trial court's decision to deny appellants' motion for prejudgment interest without a hearing.
 {¶ 9} The decision as to whether a party's settlement efforts indicate good faith is generally within the sound discretion of the trial court. The court will not overturn a finding on this issue unless the trial court's actions indicate an abuse of discretion. Kalain v. Smith (1986), 25 Ohio St.3d 157.
 {¶ 10} A party has not failed to make a good faith effort to settle under R.C. 1343.03(C)[1] if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer. Kalain v. Smith, supra.
 {¶ 11} Moreover, in addition to the fact that there is substantial evidence supporting the trial court's decision, appellants failed to establish a lack of good faith on the part of appellees. Appellants in the case at bar made no claims that appellees have (1) not fully cooperated in discovery proceedings or have (2) attempted to unnecessarily delay any of the proceedings. Appellants failed to establish a prima facie case of lack of "good faith" on the part of appellees. Appellees' offer of $1,500 was based on the fact that this case involved a low speed, low impact accident with minimum property damage. Moreover, no one appeared to be injured at the accident scene. After reviewing the evidence in the record, we find no abuse of discretion in the court's denial of prejudgment interest.
 {¶ 12} Accordingly, appellants' first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., concurs;
 KARPINSKI, J., DISSENTS. (SEE SEPARATE DISSENTING OPINION.)
[1] R.C. 1343.03(C), Interest when rate not stipulated, states the following: "(C) (1) If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on the judgment, decree, or order shall be computed as follows:
(a) In an action in which the party required to pay the money has admitted liability in a pleading, from the date the cause of action accrued to the date on which the order, judgment, or decree was rendered;
(b) In an action in which the party required to pay the money engaged in the conduct resulting in liability with the deliberate purpose of causing harm to the party to whom the money is to be paid, from the date the cause of action accrued to the date on which the order, judgment, or decree was rendered;
(c) In all other actions, for the longer of the following periods: * * *."
 DISSENTING OPINION