OPINION
{¶ 1} This is an appeal from a judgment of the court of common pleas in an action for workers' compensation benefits brought pursuant to R.C.4123.512, on appeal from a decision of the Industrial Commission's Staff Officer denying a claim for compensation. The judgment was entered on the verdict of a jury that compensation is due the claimant.
 {¶ 2} Appellee, Kelley Gallagher, was employed by Good Samaritan Hospital in Dayton as a nurse. On November 16, 2001, she slipped and fell to the floor of an operating room, injuring her left hip. She followed a recommended course of therapy and continued working. On February 1, 2002, Gallagher tripped at her physical therapist's office, fracturing her left hip. Two surgeries were required to replace the injured joint.
 {¶ 3} Gallagher filed a claim for Workers' Compensation benefits on November 24, 2002. The notice she filed identifies November 16, 2001, as the date of her injury. The injury is described as a "hip injury." The claim was assigned BWC Claim Number 01-884651.
 {¶ 4} Gallagher's claim was heard by a District Hearing Officer, who on March 1, 2003, denied the claim. The officer found that Gallagher had suffered no injury on November 16, 2001, basing that finding on the lack of medical evidence in the form of a physician's report.
 {¶ 5} Gallagher appealed from the District Hearing Officer's decision to a Staff Hearing Officer, who on May 8, 2003, affirmed the order of the District Hearing Officer. The Staff Hearing Officer's conclusion was based on the same finding, a lack of medical evidence with respect to the November 16, 2001 injury alleged. However, the Staff Hearing Officer's decision notes that "on 02/01/2002, the injured worker sustained an injury, a slip and fall, which resulted in a diagnosis of LEFT HIP FRACTURE, requiring surgery and time off work."
 {¶ 6} Gallagher appealed from the Staff Hearing Officer's order to the Industrial Commission, which on June 18, 2003, refused the appeal pursuant to R.C. 4123.511(E).
 {¶ 7} On August 15, 2003, Gallagher filed a notice of appeal to the court of common pleas from the order of the Staff Hearing Officer pursuant to R.C. 4123.512. Gallagher filed her Complaint and Demand For Jury Trial on the same date, reciting the foregoing facts and asking the court to find that her injuries are compensable, "be those injuries on a direct basis or any accelerated basis or a flow-through basis or an aggravation of a pre-existing condition."
 {¶ 8} The matter proceeded to trial, in which the jury heard the testimony of the physician who performed the surgeries following Gallagher's February 1, 2002 injury. He testified that she had suffered a stress fracture on November 16, 2001 that became worse, and eventually caused her hip to fail when she tripped on February 1, 2002.
 {¶ 9} At the conclusion of the evidence, the court indicated that it would instruct the jury that if it found Gallagher's November 16, 2001 injury was suffered in the course of employment, the jury should go on to consider whether her February 1, 2002 injury proximately resulted from her prior fall. Defendant, Good Samaritan Hospital, objected that the February 1, 2002 injury was an intervening injury that had never been made a part of Gallagher's workers' compensation claim, and therefore the jury should not be allowed to consider it. The court overruled the objection.
 {¶ 10} The jury returned a verdict finding that Gallagher is entitled to participate in the workers' compensation fund for the condition of an occult displaced fracture of her left hip occurring on November 16, 2001. On October 13, 2003, the court journalized its judgment that Gallagher is entitled to participate in the Fund for the displaced fracture of her left hip that occurred on November 16, 2001, and for the displaced fracture of her left hip that occurred on February 1, 2002, as a direct and proximate result of the November 16, 2001 injury, both arising out of and in the course of her employment by Good Samaritan Hospital.
 {¶ 11} Good Samaritan Hospital filed a timely notice of appeal to this court. It presents an issue presented for review which we shall reform as its single assignment of error:
 {¶ 12} "IF AN EMPLOYEE FILED A WORKERS' COMPENSATION CLAIM, ALLEGING A SPECIFIC DATE OF ACCIDENT, AND PURSUES ONLY THAT CLAIM THROUGHOUT THE ADMINISTRATIVE PROCESS, THE EMPLOYEE (DOES NOT) HAVE A RIGHT TO RAISE AN ENTIRELY DIFFERENT ACCIDENT IN COMMON PLEAS COURT, AN ISSUE WHICH HAS NOT BEEN ADMINISTRATIVELY ADDRESSED BEFORE THE INDUSTRIAL COMMISSION."
 {¶ 13} Notice of the body part or parts injured in the course of and arising out of the claimant's employment must be given within two years after the injury occurs. R.C. 4123.84(A)(1). Once a notice is filed, the Industrial Commission retains continuing jurisdiction to adjudicate the claim. R.C. 4123.52. While the commission retains jurisdiction, a motion may be made for coverage of an additional condition, which is one developing in the same body part. The Commission likewise retains jurisdiction over claims of residual or "flow-through" injuries, which are conditions developing in a different body part that proximately result from the previous injury or condition.
 {¶ 14} R.C. 4123.512 confers a right of appeal to the court of common pleas from a decision of the Industrial Commission. The appeal is de novo on the issue of coverage, and permits introduction of evidence that was not before the Commission. Booher v. Honda of America, Inc. (1996),113 Ohio App.3d 798. However, the claim for coverage the court may adjudicate in an R.C. 4123.512 appeal may concern only those conditions that were addressed in the administrative order from which the appeal is taken. Ward. V. Kroger Company, 106 Ohio St.3d 35, 2005-Ohio-3560. "Allowing consideration of the right to participate for additional conditions to originate at the judicial level is inconsistent with (the) statutory scheme because it usurps the commission's authority as the initial adjudicator of claims and casts the common pleas court in the role of a claims processor." Id., at ¶ 10.
 {¶ 15} It is undisputed that the claims for benefits that Gallagher filed on November 24, 2001, constitutes notice of the injury to her hip that Gallagher allegedly suffered on November 16, 2001. That claim constitutes a notice conferring continuing jurisdiction on the Commission to determine additional and residual conditions arising from the same injury. The Commission denied the claim Gallagher had filed.
 {¶ 16} The Industrial Commission's decision denying Gallagher's claim permitted Gallagher to file an R.C. 4123.512 appeal from that decision to the court of common pleas. She did, and in that proceeding offered evidence of her subsequent February 1, 2002 injury that was not before the Commission. Gallagher was entitled to do that, to the extent that the evidence was offered to prove her right to coverage with respect to the claim for the injury she suffered on November 16, 2001 that the Commission had denied. Booher v. Honda of America, Inc. However, Gallagher was not likewise entitled to seek coverage in that proceeding for the subsequent injury she suffered on February 1, 2002, unless she had first sought coverage for that injury from the Commission. Ward v.Kroger Company.
 {¶ 17} Gallagher argues that because her February 1, 2002 injury was a "flow-through" injury, she was entitled by the claims she filed with the Commission to seek compensation in her R.C. 4123.512 appeal to the common pleas court. On these facts, and because it involved the same body part she had injured on November 16, 2001, the subsequent injury seems more additional nature than residual. However, under either alternative, Gallagher is not entitled to seek compensation for the subsequent injury from the court unless she first sought coverage for it from the Commission. Ward v. Kroger Company.
 {¶ 18} Except for the reference to it in the Staff Hearing Officer's decision, no mention of Gallagher's alleged injury of February 1, 2002 appears in the proceedings before the Commission. The Staff Hearing Officer's reference is not a denial of coverage for the injury Gallagher claims she suffered on that date, but appears in its context to reject evidence of that injury as proof of the injury she claims she suffered on November 16, 2001. Further, no proof was offered that Gallagher gave notice of her February 1, 2002 injury, or that the Commission ever considered a claim for coverage and rejected it.
 {¶ 19} The continuing jurisdiction of the Commission to consider her additional or residual claim notwithstanding, absent having filed such a claim or motion with the Commission, Gallagher could not ask the court to find that she is entitled to participate in the Workers' Compensation Fund for her injury. Ward v. Kroger Company. The trial court therefore erred when it entered a judgment granting Gallagher the right to participate in the Workers' Compensation Fund for the injury she suffered on February 1, 2002. We also note that the judgment was in that respect inconsistent with the terms of the jury's verdict, which was confined to the November 16, 2001 injury.
 {¶ 20} The assignment of error is sustained. The judgment from which the appeal is taken will be reversed, in part, and affirmed as modified.
Brogan, P.J. And Donovan, J., concur.