DECISION AND JUDGMENT ENTRY
{¶ 1} In this accelerated appeal from a judgment of the Lucas County Court of Common Pleas, appellant/cross-appellee, Toledo Area Regional Transit Authority ("TARTA"), asks the court to consider the following assignments of error:
 {¶ 2} "I. Whether the trial court erred in denying defendant's-appellant [sic], the Toledo Area Regional Transit Authority, a political subdivision, and Micael [sic] Knittle, a set off under 2744.05(B)(1) or any and all benefits entitled to be received by appellee for injuries or loss allegedly incurred from a policy, or policies, or insurance or any other source." [sic]
 {¶ 3} "II. Whether the trial court erred in granting plaintiffs-appellee [sic] costs including expert witness, deposition fees, transcription costs and video costs." [sic]
 {¶ 4} Prior to any discussion of the facts and the law applicable to this cause, we must address a plain error that is clearly apparent on the face of this cause and is prejudicial to Michael Knittle. Appellees/cross-appellants, Barbara and Donald Atkinson, initiated a lawsuit against Michael S. Knittle and TARTA, claiming that Knittle's negligence in operating a TARTA bus caused an accident that resulted in injuries to Barbara. Donald's derivative claim was a loss of consortium. After a trial on the merits, the jury returned a verdict against only TARTA on Barbara's negligence claim and awarded her $8,793.86. Similarly, the jury returned a verdict against only TARTA on Donald's loss of consortium claim. Nevertheless, the jury awarded him "$0" in damages.
 {¶ 5} The trial court's judgment entry on the verdict states that a "[v]erdict was reached in favor of the Plaintiffs." The entry also orders the parties to prepare a judgment entry reflecting the verdicts. However, that prepared judgment is not in accordance with the verdicts in that it orders both TARTA and Michael S. Knittle to pay Barbara $8,793.86, plus the costs of the trial. The judgment further orders both TARTA and Knittle "to pay the costs of the plaintiff's expert witness, deposition fees, transcription costs, and video costs." Because there is no verdict against Knittle, there can be no judgment against Knittle. Therefore, while we shall address the issues raised in the parties' appeal and cross-appeal, any resolution of those issues applies only to TARTA.
 {¶ 6} In its Assignment of Error No. I, TARTA contends that the common pleas court erred in failing to hold a post-verdict hearing, pursuant to R.C. 2744.05, in order to determine collateral benefits received by appellees from other sources, such as insurance policies. TARTA claims that once the lower court determined the amount of these collateral benefits, it was required, under the statute, to deduct that amount from the $8,793.86 awarded to Barbara.
 {¶ 7} It is undisputed that TARTA is a political subdivision and is, therefore, entitled to protection under R.C. Chapter 2744, Ohio's Political Subdivision Tort Liability Act. Drexlerv. Greater Cleveland Regional Transit Auth. (1992),80 Ohio App.3d 367; Falzone v. Rutkowski (1988), 46 Ohio App.3d 166. R.C. 2744.05(B) provides that collateral benefits "shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political subdivision by [a] claimant." Thus, the language of the statute is mandatory. As a result, TARTA could raise its legal right to collateral benefits at any time during the pendency of appellees' negligence action.Buchman v. Wayne Trace Local School Dist. Bd. of Edn. (1995),73 Ohio St.3d 260, paragraph six of the syllabus, 1995-Ohio-136. Accordingly, the trial court was mandated, upon TARTA's motion for a setoff, to ascertain and deduct the amount of any medical expenses for which Barbara was reimbursed through insurance and/or other collateral source. For this reason, TARTA's Assignment of Error No. I is found well-taken.
 {¶ 8} In its Assignment of Error No. II, TARTA maintains that the trial court erred in awarding appellees an undetermined amount of costs. TARTA also urges that certain of the costs assessed, specifically, deposition fees that include the court reporter's services at depositions, and professional witnesses fees, are impermissibly included in the award of costs.
 {¶ 9} Civ.R. 54(D) sets forth the general rule allowing costs to the prevailing party in a civil case unless the court otherwise directs. However, the categories of litigation expenses that are considered costs are limited. Williamson v. AmeritechCorp. (1998), 81 Ohio St.3d 342, 343. "`Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment. * * * The subject of costs is one entirely of statutory allowance and control.'" Id., quoting Benda v. Fana (1967),10 Ohio St.2d 259, paragraph one of the syllabus. A court's assessment of costs under Civ.R. 54(D) is reviewed under an abuse of discretion standard. State ex rel. Fant v. Regional TransitAuth. (1990), 48 Ohio St.3d 39; Keaton v. Pike Community Hosp.
(1997), 124 Ohio App.3d 153, 156. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Landisv. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342.
 {¶ 10} In the cause before us, the trial court ordered appellant "to pay the costs of plaintiff's expert witness depositions, including deposition fees, transcription costs, and video costs." The videotaped depositions of appellant's physician and co-real estate broker were used as evidence at trial. When used as evidence at trial, C.P.Supp.R. 13(D)(2) allows the reasonable expenses of recording testimony on a videotape and playing the videotape at trial to be taxed as costs. Foreman v.Wright, 8th Dist. No. 82067, 2003-Ohio-5819, at ¶ 26. However, the cost of the videotape as a material must be borne by the proponent. C.P.Supp.R. 13(D)(1). Thus, the trial court could assess the expense of recording the videotape and playing it at trial as costs, but could not order appellant to pay the price of the videotape itself as a cost.
 {¶ 11} R.C. 2303.21 permits the expense of procuring a necessary transcript of a judgment or proceeding to be taxed as costs when used as "evidence or for any other purpose." When a local rule requires the filing of a transcript of a videotaped deposition, that transcript is considered used for any other purpose that is "necessary." Raab v. Wenrich, 2d Dist. No. 19066, 2002-Ohio-936, at ¶ 24. See, also, Weber v. Mories, 6th Dist. No. L-04-1193, 2004-Ohio-7070. The Lucas County Court of Common Pleas' Gen.R. 507(C) requires that "a written transcript of any deposition intended to be presented as evidence shall be filed at least one day in advance of trial or hearing." Thus, the transcripts in this case were used for any purpose that was necessary, and the trial court did not abuse its discretion in awarding the expense of obtaining the transcripts of those videotapes as costs.
 {¶ 12} As to "deposition fees," this is a generic term that includes court reporter fees and expert witness fees. Expert witness fees do not constitute costs. Moore v. Gen. MotorsCorp. (1985), 18 Ohio St.3d 259, 260-261; Hagemeyer v.Sadowski (1993), 86 Ohio App.3d 563, 567 (citations omitted);Lewis v. Clark Equipment Co. (Dec. 14, 2001), 1st Dist. Nos. C-990441, C-990687 and C-990714. Further, R.C. 2319.27, which sets forth allowable fees for the taking of depositions, fails to provide any statutory authority for taxing the services of a court reporter at a deposition as a cost under Civ.R. 54(D).Williamson v. Ameritech Corp., 81 Ohio St.3d at 343. As a consequence, the trial court could not include either of the foregoing fees in its award of costs under Civ.R. 54(D). Thus, the court below abused its discretion in making such an award.
 {¶ 13} Based on the foregoing, TARTA's Assignment of Error No. II is found well-taken, in part, and not well-taken, in part.
 {¶ 14} Appellees/cross-appellants filed a timely notice of cross-appeal and assert that the following error occurred in the proceedings below:
 {¶ 15} "The verdict of the jury which improperly denied plaintiff/cross-appellant Barbara R. Atkinson an award for pain and suffering when awarding monetary damages to the plaintiff for medical bills and lost wages is against the manifest weight of the evidence."
 {¶ 16} As noted above, the jury awarded Barbara no damages for her pain and suffering.
 {¶ 17} Therefore, cross-appellants claim the jury's verdict on damages is against the manifest weight of the evidence. We agree.
 {¶ 18} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 19} This court has previously observed that there is no yardstick for determining the amount of an award of damages for pain and suffering. See Perry v. Whitaker (June 22, 2001), 6th Dist. No. WD-00-65. See, also, King v. Michel, 6th Dist. No. L-02, 2003-Ohio-2910, at ¶ 8; Bender v. Berbeck (Aug. 4, 1990), 6th Dist. No. L-892-28. Nevertheless, we have also held that a jury's verdict on damages is against the manifest weight of the evidence in a case in which "pain and suffering has, to some extent, been indicated through medical reports, the testimony of the plaintiff and/or the testimony of expert medical witnesses."Perry v. Whitaker, supra (citation omitted).
 {¶ 20} In the case sub judice, Barbara's vehicle was rear-ended by a TARTA bus on August 7, 2001, and pushed approximately "12 to 15 feet." Jonathan E. Rohrs, M.D., testified that as a result of the accident Barbara suffered from a cervical strain (whiplash) and "also probably a cerebral concussion." He also stated that Barbara's left knee and left foot were injured. Dr. Rohrs testified that after the accident, Barbara had a headache and subsequent neck, foot, and knee pain. Dr. Rohr's medical records and hospital medical records related to the injuries Barbara received as a result of the accident were also admitted in to evidence. The records, particularly Dr. Rohr's records, demonstrate that Barbara experienced pain in her neck and foot until, at the least, December 14, 2001.
 {¶ 21} In her testimony, Barbara stated that the pain in her neck did not subside until July 2002. At the time of the jury trial, which was held in February 2005, Barbara indicated that she still had some pain in her left shoulder, her left knee, and numbness on the bottom of her left foot. She also testified that her injuries prevented her from reading, cooking, and fully performing her duties as a real estate broker for a period of time. Donald Atkinson also testified that his wife was in pain after the motor vehicle accident.
 {¶ 22} Accordingly, we conclude that an award of no damages for Barbara's pain and suffering is not supported by competent, credible evidence, and the jury's verdict on this issue is, therefore, against the manifest weight of the evidence. Appellees' sole cross-assignment of error is found well-taken.
 {¶ 23} The judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This cause is remanded to the trial court for the following limited purposes: (1) entering a judgment in accordance with the jury's verdicts. See Gallagher v. Good Samaritan Hosp., 2d Dist. No. 20776,2005-Ohio-4737, at ¶ 19; Muhammad v. Glassman (Oct. 15, 1998), 8th Dist. No. 72570; (2) compliance with R.C. 2744.05 by determining the amount of setoff to which TARTA is entitled; (3) the re-entry of costs to be assessed against only TARTA that reflects our disposition of TARTA's second assignment of error and the amount of those costs; and (4) a new trial on the issue of cross-appellant's damages only. See Perry v. Whitaker,
supra.
 {¶ 24} TARTA and appellees are ordered to pay, in equal shares, the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed, in part, and reversed, in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
M. Handwork, J., Skow, J., Parish, J., concur.