Accelerated Docket JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, John Ready ("Ready"), appeals the trial court's denial of his motion for prejudgment interest. Ready argues that the trial court abused its discretion when it denied the motion without first holding a hearing. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This case arises out of an automobile accident that occurred on June 13, 2001, between Ready and defendant-appellee, Nikole Barfield ("Barfield"). Ready filed a complaint and Barfield admitted liability. The case proceeded to trial and the jury returned a verdict in favor of Ready for $9,976.
 {¶ 3} On July 11, 2005, Ready filed a motion for prejudgment interest pursuant to R.C. 1343.03(C). Barfield never opposed the motion, and on July 27, 2005, the trial court denied the motion for prejudgment interest without holding a hearing.
 {¶ 4} Ready appeals, raising a single assignment of error, which states:
 {¶ 5} "I. The trial court abused its discretion when it denied plaintiff-appellant's motion for prejudgment interest without conducting a hearing as required by O.R.C. 1343.03(C)."
 {¶ 6} We review the grant or denial of prejudgment interest for
 {¶ 7} abuse of discretion. Jones v. Capco, Cuyahoga App. Nos. 81748, 81892, 2003-Ohio-5807. R.C. 1343.03(C) provides for prejudgment interest under certain circumstances. The statute states:
 {¶ 8} "If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on the judgment, decree, or order shall be computed as follows * * *."
 {¶ 9} Pursuant to R.C. 1343.03(C), the general rule is that a trial court must conduct an oral hearing on a motion for prejudgment interest. Sheesley v. Walsh, Cuyahoga App. No. 85714, 2005-Ohio-4305. However, if it appears that no award of prejudgment interest is likely, the trial court has the discretion to rule on the motion without first convening a hearing. Sheesley, supra; see, also, Foreman v. Wright,
Cuyahoga App. No. 82067, 2003-Ohio-5819; Fazio v. Meridian Ins.Co. (Apr. 9, 1998), Cuyahoga App. No. 73320, 1998 Ohio App. LEXIS 1501 (the court need not conduct a hearing when the motion for prejudgment interest is obviously not well taken); Jones,
supra (the judge has discretion to decline to convene a hearing if it appears that no award is likely); Taylor v. Steinberg,
Cuyahoga App. Nos. 80280, 80493, 2002-Ohio-2961; Augustine v.North Coast Limosine, Cuyahoga App. Nos. 76742, 76993, 2000 Ohio App. LEXIS 3640.
 {¶ 10} The likeliness of an award of prejudgment interest depends on whether a party's settlement efforts indicate good faith. This is a decision that rests within the sound discretion of the trial court. Sheesley, supra.
 {¶ 11} In Kalain v. Smith (1986), 25 Ohio St.3d 157, at the syllabus, the Supreme Court of Ohio stated:
 {¶ 12} "[a] party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."
 {¶ 13} The record in this case fully supports the trial court's decision. Specifically, Ready has failed to establish a lack of good faith on the part of Barfield. Ready merely claims that Barfield failed to make a good faith offer in response to a good faith settlement demand, and that she failed to rationally evaluate her risks and potential liability. We disagree with Ready.
 {¶ 14} Even if mere allegations were enough to establish a lack of good faith, the record demonstrates that Barfield did make a good faith offer. Prior to filing suit, Ready made a settlement demand for $32,000. In the settlement demand, Ready itemized his bills as follows: $338 to the Cleveland Clinic; $143.71 for prescription medication; $768 for physical therapy; $15,000 in lost wages; $250.28 for vehicle rental; and $200 for the insurance deductible. The parties were unable to reach settlement and Ready filed the instant suit. After exchanging discovery, Barfield admitted liability and made an offer of $3,600. This offer took into account Ready's medical expenses, which totaled $1,249.71. An initial offer of twice the cost of medical expenses is not outrageous even if the jury returned a verdict for $9,976; it is only a factor to consider in evaluating if the party properly assessed its liability risk.
 {¶ 15} Additionally, the record also demonstrates that Barfield rationally evaluated her risks and liability. Barfield contacted a certified public accountant to evaluate Ready's wage loss claim.
 {¶ 16} Finally, Ready did not even claim that Barfield failed to fully cooperate in the discovery proceedings, or that she attempted to unnecessarily delay any of the proceedings.
 {¶ 17} It is apparent from the record that the trial court properly found Ready's motion for prejudgment interest to be without merit and an award of prejudgment interest unlikely. Therefore, an oral hearing for prejudgment interest was unnecessary. The trial court did not abuse its discretion or err as a matter of law in denying the motion for prejudgment interest without first holding a hearing.
 {¶ 18} Ready's sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee shall recover of appellant her costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Calabrese, Jr., J., concur.