DECISION AND JUDGMENT
{¶ 1} This accelerated appeal is from the March 31, 2008 judgment of the Lucas County Court of Common Pleas, which ordered appellant, Kennedie Jackson, to pay the cost of preparing discovery depositions as part of the costs of this litigation. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following single assignment of error on appeal: *Page 2 
 {¶ 2} "ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED IN TAXING THE EXPENSE OF PROCURING TRANSCRIPTS OF VARIOUS DISCOVERY DEPOSITIONS AS COSTS."
 {¶ 3} This case involves a medical malpractice claim against appellees, Sunforest OB-GYN Associates, Inc. and Robert T. DeRosa, M.D., regarding injuries appellant suffered at the time of her birth. The case was resolved in favor of appellees following a trial in September 2006. That judgment was affirmed on appeal in 2008. On November 2, 2006, appellees filed a motion in the trial court seeing reimbursement of expenses relating to the discovery depositions of appellant's mother, Merisa Parker Jackson, Anna Bailey Smith, Stuart Edelberg M.D., John Conomy, M.D. and Rod Durgin, M.D. in the amount of $3,050.07. The trial court granted the motion in part and denied the motion in part. On March 31, 2008, the trial court ordered appellant to pay $2,471.62 for costs of the discovery depositions, disallowing $578 for the cost of the court reporter's attendance at the discovery deposition.
 {¶ 4} Appellant makes three arguments under her single assignment of error. First, appellant argues that the trial court lacked subject matter jurisdiction to issue the March 31, 2008 judgment awarding costs because it failed to rule on the motion for costs within 120 days from the date it was filed and because the final judgment in this case was affirmed on appeal.
 {¶ 5} Pursuant to the Ohio Supreme Court Supp.R. 40(A)(3), trial courts are required to rule upon pending motions within 120 days from the date the motion was *Page 3 
filed. However, the failure of the trial court to rule upon a motion within this time frame does not limit the trial court's jurisdiction over the matter. Even the appeal of the final judgment in the case does not affect the trial court's jurisdiction to rule on any matters that do not affect our appellate jurisdiction.
 {¶ 6} Second, appellant argues that appellees failed to show that the depositions were necessary to the litigation.
 {¶ 7} Generally, whether or not the trial court makes an award of allowable expenses is a discretionary matter, reviewable in the court of appeals under an abuse of discretion standard. Atkinson v. Toledo AreaReg'l Transit Auth., 6th Dist. No. L-05-1106, 2006-Ohio-1638, ¶ 9. However, because the issue in this case is whether or not the expense can be awarded as a "cost" under Civ. R. 54(D), the issue is a question of law, reviewed under a de novo standard of review.
 {¶ 8} Civ. R. 54(D) provides that: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." The expenses of litigation that can constitute "costs" under the rule are limited to only those authorized by statute. Williamson v. AmeritechCorp., 81 Ohio St.3d 342, syllabus, 1998-Ohio-625. R.C. 2303.21 provides that: "When it is necessary in an appeal, or other civil action to procure a transcript of a judgment or proceeding, or exemplification of a record, as evidence in such action or for any other purpose, the expense of procuring such transcript or exemplification shall be taxed in the bill of costs and recovered as in other cases." Lucas County Court of Common Pleas *Page 4 
Gen.R. 5.07(C) requires that a transcript of a deposition must be filed if it will be used as evidence at trial. Therefore, the cost of the deposition can be awarded as "costs" under Civ. R. 54(D) because it was "necessary" to the trial. Atkinson at ¶ 11, quoting Raab v.Wenrich, 2d Dist. No. 19066, 2002-Ohio-936, ¶ 24, and citing Weber v.Mories, 6th Dist. No. L-04-1193, 2004-Ohio-7070.
 {¶ 9} The issue of whether the deposition was used to question a witness about a material issue in the case is irrelevant. Appellees were required to file the depositions if they intended to use them at trial. Appellees anticipated using the depositions if necessary to attack the credibility of the witnesses. They contend that the credibility of Jackson and Smith was a material issue in this case because they alleged that excessive traction was used in delivering appellant. The depositions of appellant's experts were necessary to be able to defend against their medical conclusions. Since appellees filed the depositions for a proper purpose, they were entitled to seek reimbursement of the expense as a cost of the litigation when it was resolved in their favor.
 {¶ 10} Third, appellant argues that only the judge who presided over the trial had authority to rule on the motion for costs. There is no rule that prevents a substitute judge from ruling on the motion for costs.
 {¶ 11} Appellant's sole assignment of error is not well-taken.
 {¶ 12} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for *Page 5 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1